PRESENT—JOSEPH E. BROWN, *Chief Justice,*
H. K. McCAY,
HIRAM WARNER, } JUDGES.

---

JOHN T. GIBSON, plaintiff in error, *vs.* THE STATE OF
GEORGIA, defendant in error.

1. Penal laws are to be construed strictly *in favorem vitae.*
2. Section 4251 of the Code declares that, " Any person convicted of the
   offence of insurrection or *an attempt at* insurrection, shall be punished
   with death ; or if the jury recommend to mercy, confinement in the
   penitentiary for a term not less than five nor more than twenty years."
   *Held,* that this prescribes no penalty for the offence of an *attempt to
   incite* insurrection.

Criminal law. Insurrection, etc. Before Judge HARRELL,
Early Superior Court. October Term, 1868.

The indictment in this case charged " John T. Gibson, a
free person of color, of the county and State aforesaid, with
the offence of an attempt to incite insurrection ; for that the
said John T. Gibson, a free person of color, on the 18th day

of August, in the year eighteen hundred and sixty-eight, in the county aforesaid, did then and there unlawfully and with force and arms, counsel, advise and persuade, Isaac Ryals, Ed Ryals, Henry Everett and about one hundred others, free persons of color, to induce them to join in combined resistance to the lawful authorities of the State of Georgia, by breaking the common jail of said county, to rescue one Charles Fryer, who was legally committed to said jail at this term of the Court." The formal beginning and conclusion, etc., were as required by law.

On the trial, it was shown that while Charles Fryer was in jail, the defendant, a preacher, in a speech made to the parties named, was encouraging them to get Fryer out of jail, that they went to the jail armed, but dispersed upon some one firing a gun. He was found guilty without a recommendation of mercy.

Besides a motion for a new trial, Gibson's attorney moved in arrest of judgment upon the ground that the bill of indictment was insufficient and uncertain, and did not allege that Charles Fryer was legally in said jail for any offence known to the Penal Code of Georgia.

The Court refused to grant a new trial or to arrest the judgment, and this was assigned as error.

When the argument was opened here and Colonel Hood stated that he should contend that the judgment should have been arrested, because the statute provides no punishment for the offence charged in the indictment, the Court said they would hear from the State, and no argument was had on any other point.

A. Hood, for plaintiff in error;

S. Wise Parker, Solicitor General, for the State.

BROWN, C. J.

1. The verdict of the jury was accompanied by no recommendation to mercy, and the penalty in this case, if there be any, is death. It is a well known rule of law, that penal statutes are to receive a strict construction in favor of life.

2. Section 4250 of the Revised Code declares, that "Any attempt, by persuasion or otherwise, to induce others to join in any combined resistance to the lawful authority of the State, shall constitute an attempt *to incite* insurrection."

This does not contemplate an attempt by the defendant at insurrection, or to commit insurrection by himself, but an attempt to *incite others* to join in insurrection. A person may commit the offence of an attempt to incite others to join in, or to commit insurrection who neither promises nor attempts to join in it, or commit it himself. He may stand aloof entirely when it is committed, and still he may, by his influence, have incited it, and may be responsible for it.

Section 4251 of the Code, prescribes a penalty for attempt *at* insurrection, but none for an attempt to *incite* insurrection. The penalty is directed against him who makes an attempt at insurrection, as for instance, against any one of a party incited by another, who makes an attempt to commit insurrection and fails, but not against him who attempts to incite or induce others to join in insurrection, or in a combined resistance to the lawful authority of the State with intent to the denial thereof. Applying the strict rule of construction, which it is our duty to apply in this case, we have no difficulty in coming to the conclusion, that the penalty applies only to a person guilty of an attempt to commit insurrection, and not to one guilty of an attempt to incite others to commit that offence.

We respectfully invite the attention of the legislature to this defect in the Penal Code.

Judgment reversed.