JOHN HILL, plaintiff in error, *vs.* THE STATE OF GEORGIA,
defendant in error.

1. As a general rule, a jury may, if the evidence justify it, find the de-
   fendant guilty of the attempt under an indictment charging the actual
   commission of a crime.
2. When the penalty fixed by law for an offense is neither death nor im-
   prisonment in the penitentiary, not less than four or not less than two
   years or not exceeding one, or fine not exceeding $500 00, or imprison-
   ment, or both, there is no penalty prescribed by law for an attempt to
   commit such offense.

Criminal law.   Indictment.   Attempts.   Penalty.   Before
Judge KNIGHT.   Cherokee Superior Court.   February Ad-
journed Term, 1874.

John Hill was indicted for the offense of incestuous forni-
cation.   The jury found him guilty of an attempt to commit
the crime charged.   He moved in arrest of judgment upon
the following grounds :

1st.  Because the jury could not, under the pleadings in
this case, find the defendant guilty of anything more or less
than what was charged in the indictment.

2nd.  Because the law prescribed no penalty for an attempt
to commit incestuous fornication.

The motion was overruled and the defendant excepted.

WOFFORD & MILNER, by JACKSON & CLARKE, for plaintiff in error.

C. D. PHILLIPS, solicitor general, for the state.

McCAY, Judge.

1. The Code, in terms, section 4675, provides that in all cases, the jury may,.if the evidence justify it, find the accused guilty of "the attempt," when the indictment charges the actual commission of an offense. Perhaps this general provision does not·apply to cases where the attempt is, by express words, made a defined offense; but we can see no meaning to the general words of this section, unless it be as we have said, and doubtless, the *general* provisions of section 4712, purporting to fix the penalty for all attempts, according to the dignity of the actual crime, was drawn in view of this other provision, permitting the jury to find the attempt in all cases. We are clear, therefore, that the verdict is right in this case, supposing the evidence to have justified the finding.

2. But we are equally clear that, under the Code, there is no penalty prescribed for an attempt to commit this crime. Section 4712 provides penalties for attempts as follows: 1st. Where the penalty for the actual crime is death. 2d. Where it is *not less* than four years confinement in the penitentiary. 3d. Where the penalty is *not less* than two years. 4th. Where it *does not exceed* one year. 5th. Where the penalty is a fine of not *exceeding* $500 00, or imprisonment in the common jail, or both. The penalty for incestuous fornication is, by section 4533, *not less* than one nor more than three years. None of the provisions of 4712 fit this case. The penalty here is less than four, less than two, (or may be,) and it *exceeds* one. The codifiers, by a change of the manner of expressing themselves, by using the words *not less* in the first, second and third clauses of the section, and in the fourth clause using the words *not exceeding*—have, by a careless use of words,

Hill *vs.* The State of Georgia.

failed to provide a penalty for an attempt to commit an offense punishable by imprisonment from one to three years. Had they kept up to the end the form of expression used in the first, second and third clauses, they would have covered all cases, but by this change they fail to include the case at bar. Nor does section 4455 meet the case. Evidently the general provisions of that section have reference to crimes against the *public peace*, as riot, affray, etc., and not to offenses which, by being crimes, are technical breaches of the peace, though done in the utmost privacy. It is true that, under this view of the subject, there are, perhaps, various other attempts to commit crime for which there is no penalty, and we greatly regret that our convictions have driven us to the conclusion at which we have arrived; but we have no power to make law. The rule that criminal statutes are to be construed strictly, is hoary with age, and has the uniform sanction of all courts. We decided in *Gibson vs. The State*, 38 *Georgia*, 571, that if a statute failed to fix a penalty for an offense, none could be inflicted. The judge is a mere agent of the law. He has no discretion except as it is given him. The *penalty* is affixed *by law*. A crime is a felony or not, according to the penalty fixed by the legislature; and it is not within the province of the courts to help out the legislature. Under our system, that body has exclusive jurisdiction over the subject, and if, by mistake or otherwise, it has failed to provide for the punishment of a crime, it must go unpunished. We hope this mistake will be corrected at the very next session. It is a very glaring one, but it is not for the courts to remedy.

Judgment reversed.