The main proposition urged by the defendant is that the statute providing for the direction by order of the court that railroad companies erect and operate gates at street crossings, etc., is unconstitutional for the alleged reason that it seeks to vest legislative powers in the court. If that is the effect of the statute the defendant's contention would be supported since such power is vested only in the senate and assembly (Const. art. 3, § 1), with the single exception that powers of local legislation may by statute be conferred upon boards of supervisors. (Id. § 23.) And municipal corporations may be given power to pass ordinances.
The statute in question is entitled "An act for the better protection of life and property upon the railroads of the state, to promote the safe and better management of steam railroads." And it, among other things, provides that "At a point where a street * * * or traveled way is crossed at the same level by a railroad * * * the Supreme Court or County Court may, upon the application of the local authorities and upon ten days' notice to the railroad corporation whose road so crosses, order * * * that gates shall be erected across such street * * * and that a person be stationed to open and close such gates when an engine or train passes * * *. Such order shall only be made after the refusal or neglect of such corporation to * * * erect such gates after having been requested so to do by such local authorities." (L. 1884, ch. 439, § 3.)
No legislative power was given to the court. But the statute made the erection and operation of gates by railroad companies at places coming within those mentioned, dependent *Page 508 
upon the necessity of them for the safety of travel upon the streets, to be ascertained and determined in the manner provided; and when the order is so made by the court, the statute is effectual to enforce the duty of compliance with it. This is a condition not upon which the taking effect of the statute is dependent, but upon which its application becomes effectual for the purpose and at the places within its contemplation.
In Barto v. Himrod (8 N.Y. 483) the difficulty with the statute there under consideration (L. 1849, ch. 140) was that it provided for the submission to the electors to determine whether the act should or not become a law. That was a legislative function; and it was held that it could not be delegated to or made dependent upon the popular vote. The proposition in that case has no necessary application to the present one. The act in question has the import of a perfected statute. And the fact that its operation in the application of it to the cases which might arise is dependent upon prescribed contingencies, furnishes no constitutional objection to it. (Bank of Rome v. Village ofRome, 18 N.Y. 38; Clarke v. City of Rochester, 28 id. 605;In re Gilbert E. Ry. Co., 70 id. 361; People v. Fire Assn.,
92 id. 311; In re 34th St. R.R. Co., 102 id. 343.) And although the statute does not in express terms declare that it shall be the duty of a railroad company to observe the direction of the order so made by the court, such is the implicative effect of the provision in its meaning and purpose. The creation of the power to determine the necessity of such safeguards at intersection of railroads with streets was legislative, and the exercise of the power so given is judicial. The result of the latter in the manner prescribed is the condition upon which the application of the statute is made effectual. And whether or not there may be any better or more reasonable method of accomplishing it, is solely a legislative question. In this case the requisite order was duly made by the County Court. The gates were erected. The evidence warranted the charge of willful omission of the defendant to operate *Page 509 
the gates on the passage of its trains; and as there is no special provision for its punishment as the consequence, reference is made to the statute which provides that "where any duty is or shall be enjoined by law upon any public officer, or upon any person holding a public trust or employment, every willful omission to perform such duty, where no special provision shall have been made for punishment of such delinquency, is punishable as a misdemeanor." (Penal Code, § 154.) The term "person" includes a corporation as well as a natural person. (Id. § 718, sub. 13.) And as the defendant is a corporation of this state, and as such holds the public employment of a common carrier, the case against it seems to be within those provisions of the Penal Code. All the facts essential to the offense were alleged in the indictment, and the verdict of the jury was supported by the evidence.
The judgment should be affirmed.
All concur.
Judgment affirmed.