UNITED STATES v. MOSSEW.

(District Court, N. D. New York. December 24, 1919.)

CRIMINAL LAW ☞1072—WRIT OF ERROR ALLOWED TO REVIEW CONVICTION
WHERE STATUTE PROVIDES NO PENALTY.

Where, on an indictment charging violation of Food Conservation Act
Aug. 10, 1917, § 4 (Comp. St. 1918, § 3115⅛ff), in exacting an excessive
price for sugar, defendant at the June term pleaded guilty, and did not
at that term or at the succeeding October term move to set aside or quash
the indictment, or set aside or vacate the conviction, *held* that, as the act
prescribes no penalty for exaction of unreasonable prices, and as there is
no general federal statute fixing a penalty where none is provided in the
statute declaring acts unlawful, defendant's application for a writ of
error, made at the December term, will be granted, in view of the doubt of
the District Court's jurisdiction, despite Judicial Code, § 24, to assess
punishment.

Joseph Mossew was convicted of violation of Food Conservation
Act Aug. 10, 1917, § 4, after plea of guilty. Writ of error allowed.

Defendant was indicted for a violation of Section 4, Food Conservation Act (chapter 53, Act Aug. 10, 1917), in making unreasonable rates
and charges for a necessary, viz. sugar. He pleaded "guilty" to the indictment, and was fined $500 on three counts; three separate offenses
being charged.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., and F. J. Cregg,
Asst. U. S. Atty., of Syracuse, N. Y.

Mangan & Mangan, of Binghamton, N. Y., for defendant.

RAY, District Judge. Section 4 of the Act of August 10, 1917
(chapter 53, 40 Stat. 277 [Comp. St. 1918, § 3115⅛ff]), relating to conservation of supply and control of disposition of necessaries, destroying, wasting, or monopolizing necessaries, discrimination, unfair, etc.,
practices, or unjust or unreasonable charges in regard to necessaries,
etc., says:

"It is hereby made unlawful for any person willfully to *destroy* any necessaries for the purpose of enhancing the price or restricting the supply
thereof: knowingly to commit waste or willfully to permit * * * deterioration of any necessaries in or in connection with their production,
manufacture, or distribution; to hoard, as defined in section six of this act,
any necessaries; to monopolize or attempt to monopolize * * * any necessaries; to engage in any discriminatory and unfair or any deceptive or wasteful practice or device, *or to make any unjust or unreasonable rate or charge,*
in handling or *dealing* in or with any necessaries; to conspire, combine, agree,
or arrange with any other person; * * * or (e) to exact excessive prices
for any necessaries; or to aid or abet the doing of any act made unlawful by
this section."

Section 5 of the act (section 3115⅛g) relates to licensing dealers,
etc., and provides a penalty for violation of that section (section 5),
but provides that its provisions shall not apply to retail dealers.

Section 6 of the act (section 3115⅛gg) defines "hoarding" and provides a penalty for the violation of its provisions, but charging an excessive or unreasonable price is not within the definition of "hoarding."

Section 7 (section 3115⅛h) of the act provides for the seizure and condemnation of hoarded articles.

Section 8 (section 3115⅛hh) provides a penalty for the destruction of any necessaries for the purpose of enhancing the price or restricting the supply.

Section 9 (section 3115⅛i) provides a penalty, etc., for conspiracy in regard to necessaries.

Section 10 (section 3115⅛ii) provides for the requisitioning of necessaries by the President.

Section 11 (section 3115⅛j) provides for the purchase of necessaries by the President.

While by section 4 it is declared to be *unlawful* to make any *unjust* or unreasonable rate or charge in handling or dealing in necessaries, it is impossible to find in the act any provision for the punishment of *this particular act* so made unlawful.

Penalties and punishments are denounced by the act for the doing of *certain acts by this section made unlawful* as well as for other acts forbidden by other sections of the act, but no penalty is prescribed for doing other of the acts made unlawful by this section.

There is no *general* provision in the act denouncing a penalty or punishment for a violation of these provisions where no specific penalty or punishment is provided. The result is that, while it is made "unlawful" to make an unreasonable and unjust charge for a necessary, no penalty or punishment is expressly denounced or prescribed for the doing of such unlawful act, and made unlawful by a valid statute.

In United States v. Hudson & Goodwin, 7 Cranch, 32, 3 L. Ed. 259, the defendants were indicted for libel on the President and Congress of the United States under the common law. There was no act of Congress defining such a crime. The court said:

"The only question which this case presents is whether the Circuit Courts of the United States [now District Courts] can exercise a common-law jurisdiction in criminal cases."

And in the opinion the court said:

"The only ground on which it has ever been contended that this jurisdiction could be maintained is that, upon the formation of any political body, an implied power to preserve its own existence and promote the end and object of its creation necessarily results to it. * * * If it may communicate certain implied powers to the general government, it would not follow that the courts of that government are vested with jurisdiction over any particular act done by an individual in supposed violation of the peace and dignity of the sovereign power. The legislative power of the Union must first make an act a crime, *affix a punishment to it*, and declare the court that shall have jurisdiction of the offense. Certain implied powers must necessarily result to our courts of justice from the nature of their institution. But jurisdiction of crimes against the state is not among those powers."

Then after holding that to fine for contempt, imprison for contumacy, enforce the observance of order, etc., are implied powers, because necessary to the exercise of all others—that is, necessary to the very life of a court—the opinion concludes:

"But all exercise of criminal jurisdiction in common-law cases, we are of opinion, is not within their implied powers."

In Tennessee v. Davis, 100 U. S. 257, 275, 279, 25 L. Ed. 648, it is again declared that the universal rule in the federal courts is that Congress must—

"first make an act a crime, affix a punishment to it, and prescribe what courts have jurisdiction of such an indictment before any federal tribunal can determine the guilt or innocence of the supposed offender. United States v. Hudson, 7 Cranch, 32, 3 L. Ed. 259; United States v. Coolidge, 1 Wheat. 415, 4 L. Ed. 124; 1 Whart. Criminal Law (7th Ed.) § 163."

See, also, United States v. Wiltberger, 5 Wheat. 76, 96, 5 L. Ed. 37. And in Tennessee v. Davis, supra, the court at page 279 of 100 U. S. (25 L. Ed. 648) says:

"Since that decision the law has been considered as settled that the circuit courts have no jurisdiction to try and sentence an offender, unless it appears that the offense charged is defined by an act of Congress, and *that the act defining the offense, or some other act, prescribes the punishment to be imposed*, and specifies the court that shall have jurisdiction of the offense. U. S. v. Wiltberger, 5 Wheat. 76 [5 L. Ed. 37]."

In United States v. Hall, 98 U. S. 345, 25 L. Ed. 180, the same rule is stated.

In the instant case Congress has defined the act of making an excessive and an unreasonable charge for a necessary by any dealer therein an offense against the law of the United States, and hence the act is denounced as a criminal offense, in that it is declared to be unlawful. The District Courts are given general original power and jurisdiction to try all indictments for crimes committed against the United States. Section 24, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091 [Comp. St. § 991]). Hence we have a law making the act unlawful and a general law giving to the United States District Court jurisdiction to try and determine the case, but we have in the act itself no penalty or punishment denounced or prescribed for the doing of the unlawful act. By section 4 of the act of Congress referred to, the doing of each of more than half a dozen independent acts is made unlawful; but the act, in no part or section of it, prescribes a penalty or punishment for the commission of several of these unlawful acts. The omission seems to have been *deliberate* and intentional.

I think it doubtful whether the statute makes it a crime or misdemeanor to commit the act charged in the indictment against Mossew; no punishment for the commission of such act being denounced or prescribed, even though the commission of such act is declared to be unlawful. 1 Bouvier (14th Ed.) defines a "crime" as "an act committed or omitted in violation of a public law forbidding or commanding it." But 1 Bishop's Criminal Law, § 43, gives this definition:

"A wrong which the government notices as injurious to the public *and punishes* in what is called a criminal proceeding in its own name."

However, in 12 Cyc. 142, it is said:

"It has been held in some of the cases that, where an act is a crime solely by statute and no penalty is prescribed in the statute, an indictment will be quashed, or judgment arrested"—citing Curry v. Dist. of Columbia, 14 App. D. C. 423; Cribb v. State, 9 Fla. 409; Gibson v. State, 38 Ga. 571; Rosenbaum v. State, 4 Ind. 599.

Also it is said (same page):

"Other courts have held that where a statute prohibits any matter of public grievance or commands a matter of public convenience, although no penalty *is prescribed for disobeying its prohibitions or commands an indictment will be sustained and the offense punished by a fine*"—citing State v. Fletcher, 5 N. H. 257; Keller v. State, 11 Md. 525, 69 Am. Dec. 226; People v. Shea, 3 Parker's Cr. Rep. (N. Y.) 562; United States v. O'Connor (D. C.) 31 Fed. 449; 2 Hawkins, P. C. c. 25, § 4; Russell on Crimes, 40; People v. Long Island R. Co., 134 N. Y. 506, 31 N. E. 873.

In United States v. O'Connor, supra, the court, by Thayer, J., said:

"At the beginning of the inquiry it may be further conceded that no statute of this state or of the United States, in so many words, forbids the writing of names in the registration book in the manner charged to have been done by the defendant, or imposes a penalty for so doing. The fact, however, that no penalty has been imposed is unimportant, if the act in question has been in effect prohibited, as an act which is prohibited by law is none the less unlawful, although no penalty is denounced."

This decision in United States District Court was rendered in 1887, and I cannot find that it has ever been cited or referred to.

In New York this subject is fully covered by section 1937 of the Penal Law (Consol. Laws, c. 40) which declares:

"A person convicted of a crime declared to be a misdemeanor, for which no other punishment is specially prescribed by this chapter, or by any other statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in a penitentiary, or county jail, for not more than one year, or by a fine of not more than five hundred dollars, or by both."

The same provision, except as to penalty which is greater, is made as to felonies by section 1935. Diligent search fails to find any similar provision in the statutes of the United States, or any general provision authorizing punishment for offenses against the law where no provision for punishment is made in the act creating them.

In this case, on the imposition of the fine of $500 by the court after plea of guilty, the defendant paid the fine and made no motion in arrest of judgment, nor did the defendant move at that term, nor has he moved at any subsequent time or term, to set aside or quash the indictment, or set aside or vacate the conviction. The plea of guilty was entered, and the fine imposed and paid, at the June term of this court held at Binghamton. That term ended October 7th, when the October term of this court commenced. The October term expired December 2d, when the December term commenced. That term has not expired.

The defendant now applies for a writ of error, and I assume that it is my duty to grant same, and therefore the writ is granted and signed.