GRAHAM *et al.,* commissioners, *v.* MERRITT, solicitor.

The commissioners of Laurens County are not under legal duty to provide an office-room for the solicitor of the city court of Dublin.

No. 6075. JANUARY 12, 1928.

Mandamus. Before Judge Camp. Laurens superior court. May 21, 1927.

Counties, 15 C. J. p. 566, n. 14.

*Burch & Daley,* for plaintiffs in error.    *G. C. Bidgood,* contra.

BECK, P. J.   J. A. Merritt, the duly elected and qualified solicitor of the city court of Dublin, brought petition for mandamus against J. F. Graham and others, who constitute the board of commissioners of roads and revenues of the County of Laurens, and alleged that in the proper discharge and performance of his duties as such solicitor he had to maintain an office at some convenient place in the City of Dublin, and had made demand on the board of commissioners to provide him with an office, but that they refused to do so; and he prayed that the court issue a mandamus nisi, and that on a hearing the commissioners be required by mandamus absolute to provide him with a suitable office. Upon the hearing the uncontroverted evidence showed that the petitioner had previously been furnished with an office in the court-house of Laurens County, but upon agreement with the commissioners that if he would vacate the office then occupied by him, for certain specified purposes, they would provide an office for him as solicitor of the city court in some other building located in the City of Dublin; and upon this agreement he vacated the room then occupied by him as an office, and the commissioners now fail and refuse to provide him with another. There was no vacant office in the court-house which could be furnished to him; and the only way the commissioners could furnish him with an office would be to rent a room in some building other than the court-house. Upon hearing the case upon the pleadings and evidence the judge granted a mandamus absolute, and the commissioners excepted.

The applicant was not entitled to the mandamus absolute. It is true that in the act entitled "An act to establish the city court of Dublin in and for the County of Laurens," etc., approved December 6, 1900 (Acts 1900 p. 117), it is provided that there shall be a solicitor of the city court, and the duty is imposed on that officer to represent the State in all cases in said city court and cases carried to the Court of Appeals. The sessions of the city court, under the provisions of that act, shall be held in the City of Dublin in the court-house of Laurens County, and the board of commissioners of the county is required "to provide a suitable place for the holding of said city court." But this did not impose the duty upon the commissioners to provide an office for the solicitor. Section 401 of the Civil Code requires the ordinary (here

the commissioners of roads and revenues) "to designate the room in the court-house to be occupied by each of the county officers." But the solicitor of the city court of Dublin is not, in the opinion of this court, a county officer in the sense in which the word is used in that section. The expression "county officers," as there used, refers to those officers who are such in the strict sense of the term,—that is, those who are constitutional county officers; and they are such, under the provisions of the constitution, as "shall be elected by the qualified voters of their respective counties, or districts, and shall hold their office for two years." Constitution, art. 11, sec. 2, par. 1; Civil Code, § 6599; 15 C. J. 481 et seq. And mandamus will not be issued to require the commissioners to perform a duty not imposed by law. The applicant for the writ must have a clear legal right against the respondent to have the act performed, and it must be the legal duty of the respondent to perform the act. See cases cited in 3 Stevens' I. D. Ga. 2419; 9 Michie's Dig. Ga. R. 164.

*Judgment reversed. All the Justices concur.*