TURNER, sheriff, *v.* JOHNSTON, commissioner, *et al.*

No. 11528. OCTOBER 13, 1936.

W. L. *Ferguson,* for plaintiff.

H. A. *Wilkinson* and R. R. *Jones,* for defendants.

GILBERT, Justice.   J. A. Turner as a citizen and taxpayer, and also as sheriff of the County of Terrell, brought suit to enjoin A. E. Johnston and others as commissioners of roads and revenues of that county from permitting Dallas Spurlock, a county agricultural agent, to occupy an office in the county court-house, and from supplying him free of charge with heat, light, supplies, etc., under authority of the Code, § 91-704.   The court, at interlocutory hearing, denied an injunction.   The petition fails to allege any facts from which the court may determine even approximately what has been or would be the expenses incurred or to be paid from the county funds by the use of such office space and the furnishing of heat, light, supplies, etc.   It is so well settled as to require no citation of authorities that the powers of the county commissioners are strictly limited by law, and that they can do nothing except under express authority of law.   It is likewise well settled that the purposes for which a county may levy taxes are strictly limited by law; and accordingly the county authorities may spend no money for which a proper tax may not be levied to raise the funds.   The petitioner in this case has totally failed, as above stated, to inform the court with regard to the amount of such expenses, if any, so that it may determine from definite allegations whether or not there are illegal expenditures of county funds.   For that reason it can not be held that the court erred in refusing to enjoin the county commissioners from expenditure of such funds incident to furnishing office space, heat, light, etc.   In *Atlanta Title & Trust Co.* v. *Tidwell,* 173 *Ga.* 499, 515 (160 S. E. 620, 80 A. L. R. 735), as indicating the broad scope of the discretion of the ordinary or county commissioners, the court said: "By § 396 [Code of 1933, § 91-602] it is provided: 'The ordinary has the control of all property belonging to the county.'   And by § 400 [§ 91-702]: 'It is the duty of the ordinaries to erect or repair, when necessary, their respective court-houses, . . . to furnish each with all the furniture necessary for the different rooms,' and 'offices.'   It appears from the foregoing that authority over planning, constructing, and equipping court-houses is imposed on the ordinaries, except in those

counties where authority over county matters has been transferred to county commissioners, as provided in the constitution. It also appears that there is no attempt to specify in detail how the authority shall be exercised, or any particular plans for the court-house or of what its equipment shall consist. All those are left to the sound discretion of the officers in whom the authority is vested. That discretion is very broad, and must be exercised with the view of serving the public interest and convenience in relation to the uses for which court-houses are to be employed. It has generally been held that county administrative officers in charge of county affairs have a broad discretion, 'and the reviewing power of the judge of the superior court should be exercised with caution, and no interference had unless it be manifest that the county authorities are abusing the discretion with which they are vested.' *Anderson* v. *Newlon,* 123 *Ga.* 512 (3) (51 S. E. 508) ; *Gaines* v. *Dyer,* 128 *Ga.* 585 (58 S. E. 175) ; *Dyer* v. *Martin* [132 *Ga.* 445, 64 S. E. 475]. In the exercise of their discretion in building and equipping the court-house : 'Such ordinaries shall designate the rooms in the court-house to be occupied by each of the county officers, and enter the same on their minutes, which they may change from time to time as convenience may require.' Civil Code, § 401 [1933, § 91-703]." Counsel for the respective parties discuss in their briefs the applicability of § 91-704 to the present case. That section expressly authorizes the county commissioners to furnish heat, lights, etc. for the different county officers. It is not necessary to say more than that this section has no application to the present case, because a county agricultural agent is not a county officer. In *Graham* v. *Merritt,* 165 *Ga.* 489 (141 S. E. 298), mandamus was sought to compel the county commissioners to furnish an office-room for a city-court solicitor. It was there held that the solicitor of the city court of Dublin is not a county officer. For similar reasons a county agricultural agent is not a county officer. That case sought mandamus, and this case seeks injunction. It was held that mandamus would not issue to control the discretion of the county commissioners. In the present case the effort is to enjoin the discretion. By parity of reasoning we hold in this case that the court did not err in refusing to control the discretion of the county commissioners. It is not to be inferred from this ruling that a county agricultural agent could maintain a suit to

compel by mandamus or otherwise the county commissioners to furnish office space, heat, lights, etc. Where no expense is to be incurred by building or providing new facilities, and there is ample space not occupied, and no definite amount of expense sufficient to furnish an estimate to the court is shown, the discretion of the county commissioners under the circumstances named in this case will not be controlled.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*