McDONALD *v.* MARSHALL *et al.*, commissioners; *et vice versa.*

Nos. 12149, 12150. FEBRUARY 16, 1938.

*Hollis Fort, Hollis Fort Jr.,* and *James H. Fort,* for plaintiff. *Dykes & Dykes,* for defendants.

HUTCHESON, Justice. ■ A justice of the peace elected by the people, pursuant to the Code, §§ 24-401, 34-2701, 2-3503, is not a "county officer" within the meaning of § 91-703, providing that "ordinaries or other authorities [here the county commissioners] shall designate the rooms in the court-house to be occupied by each of the county officers," and therefore is not, as a matter of law or right, entitled to have a room in the court-house for use as an office or place of holding his court. See *Graham* v. *Merritt,* 165 *Ga.* 489 (141 S. E. 298); Code, §§ 24-601, 24-901, et seq.; Reynolds *v.* Tarrant County, 78 Tex. 289 (14 S. W. 580).

■ Where a justice of the peace has been permitted by the county authorities to use a room in the court-house as an office and place of holding his court, no relationship of landlord and tenant arises (see *Hunnicutt* v. *Atlanta,* 104 *Ga.* 1, 30 S. E. 500; *Town of Decatur* v. *DeKalb County,* 130 *Ga.* 483, 61 S. E. 23; *Killian* v. *Cherokee County,* 169 *Ga.* 313 (2), 150 S. E. 158), and the county authorities are authorized, in the exercise of the broad discretion given them (*Turner* v. *Johnston,* 183 *Ga.* 176, 178, 187 S. E. 864; Code, §§ 23-701, 91-602), to require such justice of the peace to procure quarters elsewhere, and, upon his refusal, to summarily order the sheriff to take charge of such room to the exclusion of the justice of the peace (Code, § 91-705); and as a general rule a court of equity will not interfere with their discretion. *Commissioners of Habersham County* v. *Porter Mfg. Co.,* 103 *Ga.* 613 (30 S. E. 547); *Dyer* v. *Martin,* 132 *Ga.* 445 (3) (64 S. E. 475); *Turner* v. *Johnston,* supra; *Atlanta Title & Trust Co.*

v. *Tidwell,* 173 *Ga.* 499 (160 S. E. 620, 80 A. L. R. 735).

■ However, where it appears, as in the instant case, that the order to the sheriff was issued and· the justice of the peace was sought to be evicted, within less time after notice than that required by law (sixty days) for the justice of the peace to legally change the place of holding his court (Code, § 24-907; *Hilson* v. *Kitchens,* 107 *Ga.* 230, 33 S. E. 71), a court of equity upon application of the justice of the peace was authorized, at an interlocutory hearing before ·the expiration of thirty days from the time of notice given, to enjoin such eviction until sufficient time had elapsed to permit the justice of the peace to legally advertise the change of place of holding his court.

■ The Code, § 24-902, declares: "All justice courts for militia districts embraced in whole or in part within the corporate limits of any of the cities having by the last authorized census of said city a population of over 5000 inhabitants, shall have jurisdiction as fixed by the constitution in and over said district and in and over said city, and shall hold their courts monthly at fixed times and places at some convenient place within said district or city, said time and place to be fixed as now provided by law. *Said justices of the peace may hold their courts at the same or at different times or at the same or different places, as they may desire.*" This law does not, by the italicized expression, permit the individual justices of the peace who are within the purview of the section to change the time and place of holding their court "as they may desire." It merely provides that the several justices of the peace need not hold their courts at the same time and place, but each individual justice of the peace may hold his court at a time and place different from the others, "said time and place to be fixed as now provided by law."

■ The justice of the peace did not have an adequate remedy at law by certiorari. The action of the county authorities in ordering the sheriff to take charge of the room in the· court-house occupied by the justice of the peace was a mere exercise of administrative power, and possessed no such attribute of a judicial function as to permit certiorari therefrom under the Code, §§ 2-3205, 19-101. See *Daniels* v. *Commissioners of Pilotage,* 147 *Ga.* 295 (2), 93 S. E. 887).

■ Under the above rulings and the pleadings and the evidence

in the instant case, the rulings complained of in the main bill of exceptions (substantially as set out in notes 1 and 2 above) are affirmed; and the rulings complained of in the cross-bill of exceptions (substantially as set out in notes 3, 4, and 5 above) are affirmed. However, inasmuch as the judge's order enjoined the county authorities "until further order of the court," his judgment is affirmed with direction that the grant of injunction be so modified as to restrain the ouster of the justice of the peace only for the period of time required by law for legally changing the place of holding a justice's court.

*Judgments affirmed, with direction. All the Justices concur.*