TRUESDEL *v.* FREENEY, treasurer.

No. 12328. MAY 12, 1938. REHEARING DENIED JUNE 18, 1938.

*Jones, Russell & Sparks,* for plaintiff.

*James C. Estes,* for defendant.

GRICE, Justice. Did the legislature lawfully delegate to the county board of commissioners the fixing of the salary of the clerk of the municipal court of the City of Macon under the acts of 1933 or either of them, or were the acts invalid as constituting an unlawful delegation of legislative authority? The premise on which the argument for the plaintiff rests is that he was not a county officer or servant of Bibb County; that he had no duties to perform and actually performed none for the county; that the municipal court is not in any sense of the word a county court; that it was and is a State court; that the clerk of that court is an officer of the State, and that to permit a county board to fix his salary or the salary of his office is to permit a "lesser governmental unit of the State" to fix the salary of an officer of the State. We are

cited to the cases of *Graham* v. *Merritt*, 165 *Ga.* 489 (141 S. E. 298), *Strickland* v. *Houston*, 173 *Ga.* 615 (161 S. E. 262), and *Moseley* v. *Garrett*, 182 *Ga.* 810 (187 S. E. 20). In ruling in the *Graham* case that the commissioners of Laurens County were under no legal duty to provide an office room for the solicitor of the city court of Dublin, this court held that the city-court solicitor was not a county officer in the sense in which the word is used in the Code section which requires the county authorities "to designate the room in the court-house to be occupied by each of the county officers," and that the expression, "county officers," as there used, refers to those officers who are such in the strict sense of the term; that is, those who are constitutional county officers. The holding in the *Strickland* case was, not that the marshal of the municipal court of Atlanta is not a county officer, but that he "is not such a county officer as is provided for in the constitution of Georgia, article 11, section 3, paragraph 1," which relates to uniformity in county officers. The *Moseley* decision dealt with the constitutional amendment of 1916, relating to the compensation of solicitors-general, which expressly authorized the General Assembly at any time to "prescribe" a salary for any solicitor-general in lieu of fees. The court held that the act of 1931 (Ga. Laws 1931, p. 629, in so far as it delegated to the grand jury and ordinary of Peach County authority to fix the salary to be paid the solicitor-general of the Macon Circuit by Peach County, was violative of article 6, section 13, paragraph 2, of the constitution, which vests in the General Assembly the power to prescribe such salaries, and was also violative of article 3, section 1, paragraph 1, of the constitution, which vests the legislative power of the State in the General Assembly. In the opinion it was said: "The salary fixed by the grand jury and the ordinary, in the exercise of the uncontrolled and unguided discretion given them by the act of 1931, could not have been 'prescribed' by the General Assembly within the meaning of the constitutional amendment of 1916." The *Moseley* case is not authority for the proposition that the legislature may not empower another governmental unit to fix the compensation of certain officers where the constitution does not expressly declare that the General Assembly itself shall fix their salaries. The ordinary is a constitutional officer. Constitution, art. 6, sec. 6, par. 1. (Code, § 2-3401.) This court in *Ab-*

*bott* v. *Commissioners of Fulton County,* 160 *Ga.* 657 (129 S. E. 38), had under consideration the act of August 13, 1924 (Ga. Laws 1924, p. 87), which provided that in certain counties the commissioners of roads and revenues, or other county authority having charge of the revenues and roads of such counties, should fix the salaries of the tax-collector, tax-receiver, sheriff, clerk of the superior court, and ordinary. Abbott as tax-receiver and as a taxpayer filed his petition against the commissioners of roads and revenues, seeking an injunction to prevent them from carrying into effect or putting in force in any respect the act last referred to. The application for injunction was based on the contention that the act was unconstitutional, the specific point being made that it delegated legislative power in contravention of article 3, section 1, paragraph 1, of the constitution. In ruling against the contention named, this court said: "We do not think that the conferring of the power to determine the allowance of the salaries of the officers referred to and to set apart such funds as they may decide may be proper for each officer is the delegation of a legislative power. The county authorities, under that part of the act giving this power, will not exercise the powers of the legislature, but will perform an administrative function, though it may have in it perhaps some of the qualities of a quasi-judicial or quasi-legislative act."

It may well be doubted whether the prescribing of the salaries of officers is an exclusive legislative function at all, although these officers perform duties which are essentially State wide. The practice of the General Assembly in creating an office or providing for its creation by another official or official body, and placing elsewhere the responsibility of fixing the salary, has been followed with respect to the salary of the judges of what are termed grand-jury city courts, established by the act of 1891 (Ga. Laws 1890-91, p. 96), which are courts with a large common-law jurisdiction in civil cases, and also in misdemeanor cases. Under the act, the grand jury fixes the salary of the judge. The act of 1872 (Ga. Laws 1871-2, p. 288) provided for the creation of county courts. They were given jurisdiction in all cases of tort or contract within a designated amount, and in misdemeanor cases. Under the act, the county judge's compensation for services as judge in criminal matters is fixed by the grand jury. These are, it is true, not judicial

precedents, but we agree with counsel for defendant that it is significant that these salaries have been fixed by the grand juries without question since 1872. The office held by the plaintiff is a statutory one. He is selected by the judge of the municipal court. He serves in a court created, according to the caption of the act, "in and for the City of Macon." His duties are in the main ministerial. The court could in law exist without a clerk. His salary is paid out of the treasury of Bibb County. He is not required to make any report to any State official. He has no responsibility, so far as representing the State is concerned, in any matter in which the State is primarily interested. The ordinary is a judicial officer, and presides over a court of record. The clerk of the superior court, in addition to keeping the minutes of the court open to suitors without regard to residence, records papers for non-residents, as well as residents. The tax-collector and tax-receiver and the sheriff function with reference to State matters, as well as county matters; but they are not regarded as State officers. We do not so regard the clerk of the municipal court of the City of Macon. The petition for mandamus was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*