22221. WOOD v. THE STATE.

ARGUED OCTOBER 15, 1963—DECIDED NOVEMBER 26, 1963.

*William Hall,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Walter LeCraw,* contra.

QUILLIAN, Justice. The general demurrer to the indictment is on the ground "that the allegations set forth therein do not charge this defendant with any offense against the penal laws of the State of Georgia." It is well settled: "Our law recognizes no crimes save such as consist of the violation of a public law, and there are in this State no common law offenses save such as have been especially recognized by a statutory enactment. *Jenkins v. State,* 14 Ga. App. 276, 279 (80 SE 688) ; *Chambers v. State,* 194 Ga. 773 (22 SE2d 487) ; *Head v. State,* 68 Ga. App. 759 (24 SE2d 145)." *Moore v. State,* 94 Ga. App. 210, 211 (94 SE2d 80). The defendant was, as the State frankly admits, indicted under *Code* § 26-4101 although the prosecution contends he is subject to be punished according to the provisions of the Act of 1949 (Ga. L. 1949, p. 274) embodied in § 26-4102 of the unofficial Code of Georgia.

For any particular act or conduct to constitute a criminal offense the statute defining the offense, or some other law of the State must in express terms declare such conduct to be a violation of the law or provide that it be punished as a criminal offense. In the latter event the conduct in question is by necessary implication designated a crime.

*Code* § 26-4101 reads: "Bribery is the giving or receiving any undue reward to influence the behavior of the person receiving such reward, in the discharge of his duty in any office of government or of justice." The Act of 1949 provides: "If any person shall, directly or indirectly, give or offer to give any money, goods or other bribe, present, or reward; or give or make any promise, contract, or agreement for the payment, delivery, or alienation of any money, goods, lands, or other bribe; or use any promises, threats, persuasions, or other like sinister, unfair,

or fraudulent practices in order to obtain or influence the opinion, judgment, decree, or behavior of any member of the *General Assembly* or *officer of this State, referee,* or *arbitrator,* in any matter or cause pending, or which shall pend before him, such person, and the *officer, referee,* or *arbitrator,* who shall accept or receive such bribe; shall be guilty of a felony, and upon conviction shall be punished by imprisonment in the penitentiary for not less than one year nor more than 20 years."

*Code* § 26-4101 does no more than provide that certain conduct constitutes a species of bribery, but does not declare such conduct to be a criminal offense and prescribes no punishment for the same. Obviously, standing alone the statute does not define a crime and can not be the basis of a prosecution for bribery. It is equally apparent that the Act of 1949, which in no way refers to *Code* § 26-4101 or any of its provisions, does not in any manner purport to prescribe the punishment for bribery as defined in the Code section, but on the contrary defines another species of bribery that can be committed only by a member of the General Assembly, an officer of this State, a referee, or an arbitrator (in which categories the defendant does not belong) and provides punishment for that type of bribery; nor does it aid *Code* § 26-4101 or supply its deficiencies in failing to declare bribery as therein defined to be a criminal offense, or the omission of *Code* § 26-4101 to provide punishment for the type of bribery to which it refers.

In reaching this conclusion we have considered the cases of *Payne v. State,* 153 Ga. 882 (113 SE 446), and *Taylor v. State,* 174 Ga. 52 (162 SE 504), relied upon by the State as authority for the position that the Code section and the Act of 1949 should be construed together and that the Act provides the punishment for bribery of all species including that defined by *Code* § 26-4101.

It is well to note that when the two cases were written §§ 270 and 271 in the Code of 1910 were identical in language with *Code* § 26-4101 and the Act of 1949 except that Code § 271 prescribed misdemeanor punishment for bribery whereas the Act of 1949 provides felony punishment for the offense as defined in the Act. In *Payne v. State,* 153 Ga. 882, 883, supra, it

is held broadly: "Construing these two sections together, we are of the opinion that section 271 provides a penalty for the offense of bribery as defined in both those sections." The reason given for the rule was simply that: "It will be perceived, therefore, that these sections of the Penal Code have have been brought forward in immediate connection with each other at least since the Act of 1833; and it was evidently the intention of the legislature that these sections of the Penal Code should be construed together." The case of *Taylor v. State*, 174 Ga. 52, supra, simply followed the *Payne* case.

For two reasons we find the cited cases to be unsound: first, as we have pointed out, the cases are in conflict with the very words of the statutes to which they refer. We think it is absurd to say that one statute provides the punishment for conduct defined in another statute to which it does not allude, especially where its provisions are, as in the case of the Act of 1949, confined expressly and exclusively to the very words of the same. It is simply not true that when the *Payne* and *Taylor* cases were written that § 271 related to the subject matter of § 270 of the Code of 1910, or that the Act of 1949 in any way refers to the contents of *Code* § 26-4101. There is no way now, or ever has been, that the two Code sections be construed together, except by arbitrary judicial fiat, conscientiously considered no doubt, but without the slightest foundation in fact and utterly contrary to logic and reason.

Section 271 of the Code of 1910 and § 26-4102 of the Code of 1933 as amended by the Act of 1949 clearly provide punishment only for any "member of the General Assembly or officer of this State, referee, or arbitrator," and to include any officers other than those so enumerated would necessarily add officers which the General Assembly has not included. The solitary clause of this section upon which the State relies is "officer of this State." Under the uniform rule of strict construction, a penal statute can not be expanded by implication to make it include any officer except an officer of the State and therefore it does not include municipal officers. *Truesdel v. Freeney*, 186 Ga. 288 (197 SE 783).

In the second place the cases are in direct conflict with the

earlier opinions in the cases of *Gibson v. State*, 38 Ga. 571, and *Hill v. State*, 53 Ga. 125. The *Gibson* case deals with precisely the same question as is involved in the decisions of the *Payne* and *Taylor* cases. In the *Gibson* case, 38 Ga. 571, 573, where this court construed a Code section which defined an attempt *to incite* insurrection and the following section which punished an attempt *at* insurrection, it was held: "Applying the strict rule of construction, which it is our duty to apply in this case, we have no difficulty in coming to the conclusion, that the penalty applies only to a person guilty of an attempt to commit insurrection, and not to one guilty of an attempt to incite others to commit that offense."

The total absence of any reference in either the *Payne* or *Taylor* case to the full bench decisions of *Gibson v. State*, 38 Ga. 571, supra, and *Hill v. State*, 53 Ga. 125, supra, shows that these older controlling decisions were overlooked by this court and therefore were not considered in arriving at the decisions there rendered. Had those older decisions been called to the attention of the court, they would have unquestionably been followed, which necessarily would have resulted in a different judgment than that rendered in each case.

For the foregoing reasons we expressly overrule *Payne v. State*, 153 Ga. 882, supra, and *Taylor v. State*, 174 Ga. 52, supra.

We realize that it is desirable and to the public interest that bribery in every form be punished, but as wisely observed in *Hill v. State*, 53 Ga. 125, 127: "We decided in *Gibson v. State*, 38 Ga. 571, that if a statute failed to fix a penalty for an offense, none could be inflicted. The judge is a mere agent of the law. He has no discretion except as it is given him. The *penalty* is affixed *by law*. A crime is a felony or not, according to the *penalty* fixed by the legislature; and it is not within the province of the courts to help out the legislature. Under our system, that body has exclusive jurisdiction over the subject, and if, by mistake or otherwise, it has failed to provide for the punishment of a crime, it must go unpunished. We hope this mistake will be corrected at the very next session. It is a very glaring one, but it is not for the courts to remedy."

The trial judge erred in overruling the general demurrer to

the indictment. In view of this holding it is not necessary to rule on the other grounds contained in the bill of exceptions.

*Judgment reversed. All the Justices concur.*