40595. BEST v. THE STATE.

Decided April 7, 1964.

*Harris, Chance, McCracken & Harrison, Henry T. Chance, Roy V. Harris,* for plaintiff in error.

*George Hains, Solicitor General,* contra.

Russell, Judge. The only question for decision is whether a deputy sheriff is included among the officers named in *Code Ann.* § 26-4102 prescribing the punishment for the offense of bribery. At the time this indictment was drawn the statute penalized bribery of "any member of the General Assembly or officer of this State, referee, or arbitrator." The rationale under which it is determined that only attempts to fraudulently in-

fluence servants named therein constitute the subject matter of the offense is stated in *Wood v. State,* 219 Ga. 509 (134 SE2d 8), wherein it was held that *Code* § 26-4101, which contains a much broader definition of bribery but specifies no punishment for the act, cannot be considered in connection with *Code Ann.* § 26-4102, and that "There is no way now, or ever has been, that the two Code sections be construed together, except by arbitrary judicial fiat, conscientiously considered no doubt, but without the slightest foundation in fact and utterly contrary to logic and reason." (P. 513.) It was held in *Wood* that a member of a municipal board of aldermen is not included among the classes of persons who may be the subject of bribery as a State offense. *Wood* cited *Truesdel v. Freeney,* 186 Ga. 288 (197 SE 783) for the proposition that under the strict construction necessarily given to penal statutes the words "officer of this State" do not include municipal officers. *Truesdel* in making the distinction also stated: "The tax-collector and tax-receiver and the sheriff function with reference to State matters, as well as county matters; *but they are not regarded as State officers.*" (Emphasis added). Art. XI, Sec. II, Par. I (*Code Ann.* § 2-7901) of the Constitution contains qualifications for election of county officers; Chapter 34-26 of the Code, titled "County Officers" specifically relates to the election of sheriffs, clerks of the superior courts, and other county officers. A clerk of the superior court is a county officer. *McGill v. Simmons,* 172 Ga. 127 (1) (157 SE 273). *Massenburg v. Commissioners of Bibb County,* 96 Ga. 614, 619 (23 SE 998), in deciding that a county treasurer was a county officer, used the following reasoning: "By the uniform law of the State, there was one of such officers to be elected biennially by the people for each county of the State. That was the exact condition of the office of sheriff, clerk of the superior court, tax collector, coroner, indeed all county officers."

A deputy sheriff is no more a State officer than a sheriff, and may indeed be less. In *McCutcheon v. MacNeill,* 197 Ga. 72 (28 SE2d 469) it was stated: "Ordinarily under the general law, deputy sheriffs are the employees of the sheriff, and subject to be discharged by the latter." See *Code* § 24-2810. *Drost v. Robinson,* 194 Ga. 703 (22 SE2d 475) held him an employee of

the sheriff and not of the county for pension purposes. See also *Employees Retirement System of Ga. v. Lewis,* 109 Ga. App. 476 (136 SE2d 518). *Johnson v. U. S. Fidelity &c. Co.,* 93 Ga. App. 336, 338 (91 SE2d 779) characterized him as occupying "the dual capacity of public officer and servant of the sheriff under whom and by whose appointment he serves, a sort of hybrid status." It is true that their duties may be enlarged by statute, and that by statute they have certain duties, such as service of process in specified cases, which may be done outside the county of their residence and office, but this does not of itself convert them into State officers.

As pointed out in *Hill v. State,* 53 Ga. 125 and quoted in *Wood,* supra, the punishment of crime addresses itself to the legislature and not the courts. The 1964 session of the General Assembly has broadened the definition of the public officers, attempts to influence whom may be the subject of penal sanction, but at the time the acts here alleged were committed there was no such crime as bribery of a deputy sheriff. *Usry v. State,* 90 Ga. App. 644 (83 SE2d 843) was in effect overruled by *Wood,* supra. It follows that the trial court erred in overruling the general demurrer to the indictment.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*