**UNITED STATES of America,**

v.

**Teresa R. WALTER, Defendant.**

**Crim. A. No. 180–06.**

United States District Court,
S. D. Georgia,
Augusta Division.

Feb. 12, 1980.

---

**184**

Cpt. David Allan Drabkin, Ft. Gordon, Ga., for plaintiff.

Grace Elaine Evans, Asst. Federal Public Defender, Augusta, Ga., for defendant.

MEMORANDUM OPINION AND ORDER

BOWEN, District Judge.

Defendant, a military service member, was charged by information with violating Title 68, section 1621 of the Georgia Code. The information alleged that the violation occurred on the Fort Gordon Military Reservation. The Georgia motor vehicle code applies under the provisions of 18 U.S.C. §§ 7(3), 13 (1976). Section 68–1621 provides:

> The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking.

As the penalty for violation of section 68–1621, the information cited Title 68A, section 102.[1]

Defendant entered a plea of not guilty, and the non-jury trial was conducted before the Court. At the conclusion of the Government's case, defendant moved for a judgment of acquittal.

Section 102 of Title 68A provides that "It is unlawful and, unless otherwise declared in this Title with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this Title." The legislature expressly limited the punishment prescribed in this section to Title 68A. Notwithstanding this definitive language, the Government argues that section 68A–102 pertains when the offense charged is codified at Title 68. That was the obvious legislative intent.

■ It is axiomatic that "[a]ny criminal law should be plain and unambiguous," *Mitchell v. State*, 239 Ga. 3, 3, 235 S.E.2d 509, 511 (1977), to provide notice of the offense and its attendant penalties. See generally *United States v. Martin*, 325 F.Supp. 489 (N.D.Ga.1971); *Hogan v. Atkins*, 224 Ga. 358, 162 S.E.2d 395 (1968). While I am reluctant to dismiss the information because of legislative imprecision, I can only echo the sentiments of Judge McCay in *Hill v. State*, 53 Ga. 125, 127 (1874):

> A crime is a felony or not, according to the *penalty* fixed by the legislature; and it is not within the province of the courts to help out the legislature. Under our system, that body has exclusive jurisdiction over the subject; and if, by mistake or otherwise, it has failed to provide for the punishment of a crime, it must go unpunished. We hope this mistake will be corrected at the very next session. It is a very glaring one, *but it is not for the courts to remedy.* [Emphasis added.]

■ "For any particular act or conduct to constitute a criminal offense the statute defining the offense, or some other law of the State must in express terms declare such conduct to be a violation of the law or provide that it be punished as a criminal

---

1. As originally enacted, the punishment for the violation of section 68–1621 was prescribed in Act of January 11, 1954, No. 128, § 43, 1953 Ga.Laws 556 (codified at Ga.Code § 68–9926). Section 68–9926 was subsequently repealed by Act of March 25, 1974, No. 244, § 3(a), 1974 Ga.Laws 633. In section 1 of this Act, codified at Title 68A of the Georgia Code, the legislature provided a general punishment, Ga.Code § 68A–102. Yet in defining the penalty, the legislature chose to restrict its application to Title 68A. Title 68A was enacted and has been amended as a separate Title, entirely distinct from Title 68.

offense." *Wood v. State*, 219 Ga. 509, 511, 134 S.E.2d 8, 10 (1963). Section 1621 of Title 68 imposes a duty; it neither provides a punishment nor declares a breach of the defined duty in violation of the law. Thus the statute *per se* does not constitute a criminal offense.

Whether section 68A–102 affords the requisite penal provision is answered negatively by the statute's express limitation to Title 68A. Criminal statutes are strictly construed, *Cook v. State*, 141 Ga.App. 241, 242, 233 S.E.2d 60 (1977), and "when a criminal statute is reasonably subject to two constructions, one of which would make an act criminal and one of which would not, such statute must be construed in favor of the accused and strictly against the State." *Carsello v. State*, 220 Ga. 90, 94, 137 S.E.2d 305, 307–08 (1964). To extend the application of section 68A–102 beyond its terms would transgress this tenet of statutory construction.

I am bound to conclude that the conduct proscribed by section 1621 of Title 68 is without an express statutory punishment. As such it is not an offense subject to criminal prosecution.

The foregoing discussion of Section 68–1621 and its lack of penalty was developed by the Court virtually without argument of counsel after reviewing the information and the applicable Georgia statutes. Counsel for the defendant did make a motion for judgment of acquittal based on insufficient proof at the conclusion of the Government's case. Had the legislature provided a penalty for the act which has been defined as criminal, no such motion would have been granted. The Government had made out a *prima facie* case as to the facts which support the purported offense defined in Section 68–1621. Whether the motion for judgment of acquittal is the proper remedy available to the defendant is a question of some difficulty,[2] but not of great importance.

Here, the evidence was sufficient *under the statute* to make out a *prima facie* case, but not to sustain a conviction. No set of facts proved under Section 68–1621 could sustain a conviction because the legislature has failed to provide a punishment, and there can be no crime if there is no punishment. But in that regard, there is an insufficiency of proof. This insufficiency lies in the Government's inculpable failure to prove the first essential element of any offense.

"It is a well-settled principle of criminal law that a conviction for crime cannot be had unless the corpus delicti—that is, the fact that a crime has actually been perpetrated (the fact of injury or harm and the existence of some person criminally responsible therefor)—is first established by the prosecution. In other words, the prosecution must establish the actual commission, by someone, of the particular offense charged." 29 Am.Jur.2d, Evidence § 149. Here, obviously, the Government has failed to adduce evidence sufficient to sustain a conviction in failing to prove the *corpus delicti*. No proof exists that a crime has actually be committed, because no crime exists. Accordingly, the motion of the defendant for judgment of acquittal is proper.

---

2. The only basis for a motion for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(a) is that "the evidence is insufficient to sustain a conviction." Although the motion is not necessary in a non-jury trial since "[t]he plea of not guilty asks the court for a judgment of acquittal," *Hall v. United States*, 286 F.2d 676, 677 (5th Cir.), *cert. denied*, 366 U.S. 910, 81 S.Ct. 1087, 6 L.Ed.2d 236 (1961), in this instance it prompted the Court to consider the sufficiency of the information.

Fed.R.Crim.P. 12(b)(2) provides that the failure of the information to charge an offense may be noticed by the Court at any time. The failure of the defendant to raise this issue is not preclusive since the Court may consider it *sua sponte*. *United States v. Purvis*, 580 F.2d 853, 858 (5th Cir. 1978).