HOWELL *et al.,* commissioners, *v.* BANKSTON *et al.*

No. 10500. SEPTEMBER 12, 1935.

*C. L. Redman,* for plaintiffs in error. *H. M. Fletcher,* contra.

ATKINSON, Justice. W. J. Bankston and two other persons, as duly appointed and qualified county registrars, instituted mandamus proceedings to compel the board of commissioners of roads and revenues of Butts County to issue a warrant on the county treasurer for a stated amount due the petitioners for preparing the "lists of voters" for the year 1934. The defendants interposed a demurrer on the grounds: (1) that the petition sets out no cause of action, there being no authority for mandamus to pay an unliquidated demand; the petition showing only an account which must be reduced to judgment before mandamus will lie; (2) that the petition nowhere alleges wherein the county is in any way liable for the accounts, and shows no legal authority in the defendants to levy a tax to pay the account, and no legal right against defendants for refusing to issue a warrant payable out of the funds of Butts County. The exception is to a judgment overruling the demurrer and granting a mandamus.

In article 2, section 1, paragraph 1, of the constitution of this State (Code of 1933, § 2-601) it is declared: "After the year

1908, elections by the people shall be by ballot, and only those persons shall be allowed to vote who have been first registered in accordance with the requirements of law." In article 2, section 2, paragraph 1 (§ 2-701), it is declared: "The General Assembly may provide, from time to time, for the registration of all electors." In the Code of 1933, § 34-1001, it is declared: "For each day the county registrars may be actually engaged in the discharge of their duties, they shall each receive the sum of $2. All of said sums shall be paid out of the county treasury as other county bills are paid: provided, however, that the county commissioners of any county shall have the power to fix a different compensation for the above-named officers in their respective counties." Under the foregoing provisions of the constitution and statutes, the county commissioners have power to pay, out of the general county funds, the costs of county registrars in preparing "lists of voters." See *Garrison* v. *Perkins*, 137 *Ga.* 744, 751 (74 S. E. 541), where it was said: "If, under the provisions of this act, the counties have the rights and the corresponding duties which we have indicated above, it would seem to follow that they would have the power to raise by taxation the funds necessary to defray the cost incurred in procuring and maintaining the equipment indispensable to the effective employment of the convicts." A different ruling is not required on account of article 7, section 6, paragraph 2, of the constitution (Code of 1933, § 2-5402), limiting purposes for which a county tax may be levied. This case differs from *Smith* v. *State*, 160 *Ga.* 857 (129 S. E. 542), which had reference to payment of local registrars of births and deaths, for services rendered under the vital-statistics law, out of county funds, and did not involve application of article 2, section 1, paragraph 1, of the constitution, supra, and the statutes relating to registration of electors.

In *Culberson* v. *Watkins*, 156 *Ga.* 185 (119 S. E. 319), it was held: "It is unnecessary for a judge of the juvenile court of Fulton County to have his claim for salary audited or approved by the board of county commissioners. This court having been created by law, and the method of compensation having been provided by law, and the amount of his salary having been fixed for a designated term, and it being further provided by law that all of the expenses of the court should be paid out of

county funds, it is the duty of the county treasurer to pay the salary fixed in accordance with law, when earned, as demanded. Upon the refusal to pay, mandamus will lie against the treasurer of the county to compel payment of any part of the salary when by law it is payable and after it has been demanded, although at the time of making demand no formal warrant had issued therefor." See also *Tucker* v. *Shoemaker*, 149 *Ga.* 250 (99 S. E. 865); *Baggett* v. *Barrow*, 166 *Ga.* 700 (3), 704 (144 S. E. 251). The foregoing principle is applicable to the instant case; and consequently the petition was not demurrable on the ground that mandamus would not lie because the plaintiffs' demand for compensation was not a liquidated demand or reduced to judgment. The judge did not err in overruling the demurrer, and in granting a mandamus absolute.     *Judgment affirmed. All the Justices concur.*