Murphey, Commissioner, *v.* Brock *et al.*

Atkinson, Presiding Justice. 1. The provisions of the Voters' Registration Act (Ga. L. 1949, pp. 1204-1225), that the compensation of registrars and other necessary expenses shall be paid as other county bills are paid, from the county treasury, do not conflict with the requirements of the act creating the office of Commissioner of Roads and Revenue of Walker County (Ga. L. 1939, pp. 751-765). Under section 12 of the latter act, the Commissioner of Roads and Revenue is specifically charged with the duty of "examining, settling, and allowing all claims against the county, according to law."

2. "While mandamus will lie to compel performance of official acts where the duty to discharge them is clear, it will not lie to compel a general course of conduct and the performance of continuous duties." *Richter* v. *Jordan*, 185 *Ga.* 39 (193 S. E. 871), and cases cited.

(a) Under the foregoing rules of law, the County Commissioner of Walker County could not be required to approve for payment alleged items of expense to be incurred under the Voters' Registration Act.

(b) The petition for mandamus having alleged that the Board of Registrars had actually performed some services, they were entitled to the compensation provided by law for the services rendered. *Howell* v. *Bankston*, 181 *Ga.* 59 (1) (181 S. E. 761); *Leverette* v. *Leonard*, 192 *Ga.* 359 (15 S. E. 2d, 421); *Franklin* v. *Harper*, 205 *Ga.* 779 (7) (55 S. E. 2d, 221).

(c) The provision of the Voters' Registration Act for the payment of specific expenses by the counties, "and all other necessary expense.

in connection with the registration of voters," is insufficient to charge the county with attorneys' fees in an action for mandamus against the County Commissioner of Walker County, since ordinarily the services of an attorney must be paid for by the client who employs him. Code, § 20-1404; 14 Am. Jur. 38, § 63; 35 C. J. S., p. 207.

(*d*) The trial court erred in making the mandamus absolute for items of expense not actually incurred and examined and approved by the county commissioner.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 16760. OCTOBER 10, 1949.

12

*Fariss & Fariss* and *Shaw & Shaw*, for plaintiff in error.
*Gleason & Painter*, contra.