## 32997. SMITH v. CRIM et al.

UNDERCOFLER, Presiding Justice.

Leonard Smith, a high school senior, contests the authority of the Georgia High School Association and the state and local education officials to prevent him from participating in interscholastic sports, especially football, under the normal semesters of years of enrollment rule. "A pupil is ineligible for further participation in interscholastic contests 8 consecutive semesters or 4 consecutive years from date of first entrance or enrollment into grade 9." He is otherwise eligible to play and challenges the constitutionality of this rule. The trial court upheld its validity and we affirm.

Smith enrolled at Hoke Smith High School in September, 1973. His widowed mother became emotionally ill during the spring quarter of that year, and he was forced to drop out to work. He reentered school in the fall of 1975, and thereafter completed grades 10 and 11, and made up for the last ninth grade quarter by taking

extra courses. He plays football, soccer and track and hopes to get a football scholarship to college. He is, however, ineligible to play during his senior year under the consecutive years of enrollment rule.

Smith contends that the rule violates his right to a free education under the Georgia law, Const., Art. VIII, Sec. I, Par. I (Code Ann. § 2-4901), Code Ann. §§ 32-937, 32-602a, 32-1901, and his equal protection and due process rights.

1. The Georgia Constitution provides: "The provision of an adequate education for the citizens shall be a primary obligation of the State of Georgia, the expense of which shall be provided for by taxation," (1976 Const., Art. VIII, Sec. I, Par. I; Code Ann. § 2-4901), and allows for the exercise of the taxing power for education purposes (Const., Art. VIII, Sec. VII, Par. I; Code Ann. § 2-5501). Pursuant to this mandate, the General Assembly has provided for local tuition-free education for all children six to nineteen years old (Code Ann. § 32-937), including a course in health and physical education (Code Ann. § 32-1901), and has stated that one of the goals of an adequate program for education is "to develop good physical and mental health." Code Ann. § 32-602a. Smith argues that these constitutional provisions and statutes guarantee him the right to participate in interscholastic sports. We do not agree.

Although an important part of a school's program, interscholastic sports are extracurricular and not essential to the prescribed curriculum which must be made available to all of Georgia's children. They are above and beyond the statutory need for a program of physical training and health in the regular courses at each school. Furthermore, Smith has been afforded the opportunity to participate during his eligible years; he really seeks only additional eligibility. Therefore we do not find he had been denied anything to which he is entitled under the cited provisions of the Georgia Constitution and statutes.

2. Smith's second contention is that the rule denies him equal protection of the laws. Pretermitting the threshold question of state action, we find that the classifications established by the rule are reasonable and

not arbitrary. See generally Dandridge v. Williams, 397 U. S. 471 (1970). Although the rule appears harsh in this case, the general goals of keeping high school interscholastic activities competitive and safe by allowing children of relatively equal maturity to compete, of insuring that as many children as possible are able to participate by limiting the number of eligible years for each student, and of protecting students from exploitation by coaches seeking to obtain transfers, to "red shirt" or to delay a student's normal progress in school are met by the rule. In Mitchell v. Louisiana High School Athletic Assn., 430 F2d 1155, 1158 (5th Cir. 1970), the Fifth Circuit Court of Appeals rejected a challenge to a similar Louisiana high school association rule on the same basis: "The classification made by the eligibility regulation is neither inherently suspect nor an encroachment on a fundamental right. On the other hand it is grounded in, and reasonably related to, a legitimate state interest." See Parish v. National Collegiate Athletic Assn., 506 F2d 1028 (5th Cir. 1975). We thus find no merit in Smith's equal protection argument.

3. Smith's due process claim is grounded in the fact that the hardship committee of the association has no authority to abrogate the consecutive years of enrollment rule even in cases like this where the lapse in his education was a necessity. Having held, however, in Division 1 that Smith has no right to participate in interscholastic sports, he has no protectable property interest which would give rise to a due process claim. See generally San Antonio Independent School District v. Rodriguez, 411 U. S. 1 (1973). His contention in this regard must therefore also fail.

The trial court was correct in sustaining the validity of the challenged Georgia High School Association rule.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 22, 1977 — DECIDED DECEMBER 5, 1977 —
REHEARING DENIED DECEMBER 15, 1977.

*Jacqueline D. Bennett, Robert Connelly, Myron N. Kramer,* for appellant.

*Richard T. Bridges, Warren C. Fortson, Bruce H. Beerman,* for appellees.