## 34251. MOBLEY v. POLK COUNTY.
## 34252. HUNTER v. POLK COUNTY.

BOWLES, Justice.

These cases were consolidated in the trial court and are considered together here. A. P. "Pinky" Mobley, Tax Commissioner of Polk County, filed a petition for mandamus to require the Board of Commissioners of that county to pay his employee Louise Hunter her monthly salary as deputy tag agent, for the months of March, April and May, 1978. Mrs. Hunter, individually, filed a petition for mandamus seeking the same relief.

The defendants filed a cross complaint in Case No. 34251 seeking mandamus against Mobley to require him to comply with the provisions of Ga. L. 1964, p. 2265, and to turn over to the fiscal authority of the county all funds collected by him in his official capacity with a detailed and itemized statement showing the sources of these funds as required by Code Ann. §§ 92-4913, 92-4914, 92-4910 and 92-5004. The cross complaint also sought to mandamus the tax commissioner to keep his office in the courthouse open each work day from 9 a.m. to 5 p.m., being the hours set and determined by the county commissioners as the governing authority of the county, in keeping with Ga. L. 1976, p. 1522 et seq.

By consent of the parties the issues were tried by the

court without a jury. The facts are without substantial dispute. The trial court found that Mrs. Hunter at all pertinent times was an employee of the tax commissioner's office and was designated as Cedartown deputy tag agent. The Board of Commissioners of Polk County is the governing authority of that county. Mrs. Hunter was employed by the tax commissioner at an annual salary of $6,739.32 to be paid in 26 equal installments, as approved on January 3, 1978, in a budget previously submitted by the tax commissioner to the Board of Commissioners. The submitted budget identified the office and the position for which the salary was set but did not designate Mrs. Hunter by name. The County Commissioners adopted certain work regulations for all employees paid from county funds as a prerequisite to receiving any salary. These included the punching of a time clock, a 40-hour work week and limited vacation periods. Mrs. Hunter punched a time clock for the period in dispute but refused to deliver her time cards to the payroll department of the county, and the payment of salary was refused from March 1, 1978, through the date of the hearing. The commissioners offered to pay the salary provided she complied with the work regulations. She refused to obey the work regulations and was granted periods of vacation in excess of the maximum of two weeks authorized under the work regulations adopted by the board.

The Board of Commissioners had also established hours for the county courthouse to remain open and the county offices maintained therein for the transaction of public business, from 9 a.m. until 5 p.m., on Monday through Friday of each week, excepting holidays. The tax commissioner operated his office from 8 a.m. to 5 p.m. Monday through Friday, except that he closed his office at 12 o'clock noon on Wednesday of each week.

As of April 25, 1978, the tax commissioner had on hand and in banks, the sum of $709,351.10, at least a portion of which had accumulated since January 1, 1978. No current tax collections were remitted by him to the county between the dates of March 14, 1978, and May 2, 1978.

The trial court denied the petitions of Mobley and

Mrs. Hunter, but granted a writ of mandamus absolute on the defendant's cross complaint requiring the tax commissioner to comply with the provisions of Ga. L. 1964, specifically "to turn over to the fiscal authority of Polk County, Georgia, all funds collected by him with a detailed, itemized statement showing the sources from which said funds were collected and said tax commissioner shall do so monthly, at not more than thirty (30) day intervals." Additionally, the tax commissioner was required to comply with the provisions of Ga. L. 1976, p. 1522, "by maintaining his office open between the hours of 9 a.m. until 5 p.m. on Monday through Friday of each week (excepting holidays)."

Appellants assign error on each of the three divisions of the court's decision.

1. By special Act of the legislature, Ga. L. 1964, p. 2265 et seq., the offices of tax receiver and tax collector of Polk County were consolidated into the office of Tax Commissioner. The rights, duties and liabilities of the tax commissioner, except as otherwise provided in the special Act, were declared to be the same as those otherwise required of tax receivers and tax collectors by the laws of Georgia. The special Act set an annual salary for the tax commissioner and authorized him to employ such personnel to assist him in discharging the duties of his office as he deemed proper. However, compensation for the personnel was to be paid by the tax commissioner from his compensation. The Act further provided, "Once each month the tax commissioner shall turn over to the fiscal authority of said county all funds collected by him with a detailed itemized statement showing the sources from which said funds were collected."

In 1967, the legislature amended the 1964 Act to provide, "The tax commissioner shall receive for his services as such an annual salary of $18,000, payable in equal monthly installments from the funds of Polk County and out of which annual salary the tax commissioner shall pay the salary of two deputy commissioners to be appointed by him. All other *necessary clerical employees shall be employed by the tax commissioner* and paid such salaries out of county funds as *are approved and provided for* in the annual budget

submitted by the tax commissioner as hereinafter provided." (Emphasis supplied.) The Act goes on to provide that on or before the first day of December in each year the commissioner would submit to the Board of Commissioners a proposed budget for his office for the succeeding calendar year which would be approved or disapproved in thirty days, and any disapproved items could be submitted to arbitration.

From the facts presented and the law applicable thereto, we conclude the trial court correctly found Mrs. Hunter to be an employee of the Tax Commissioner but incorrectly concluded she was also employed by the County Commissioners. We have found no general or special law, and none has been brought to our attention by counsel, authorizing the governing authority of any county to adopt work regulations for employees of a tax commissioner.

The County Home Rule provisions of the 1976 Constitution, Art. IX, Sec. II, Par. I (a), (b) (Code Ann. § 2-5901), grants to the governing authority of each county legislative powers to adopt clearly reasonable ordinances, resolutions or regulations relating to its property, affairs and local government for which no provision has been made by general law or any local law applicable thereto. However, that same section provides:

"(c) The power granted to counties in subparagraphs (a) and (b) above shall not be construed to extend to the following matters or any other matters which the General Assembly by general law has preempted or may hereafter preempt, but such matters shall be the subject of general law, or the subject of local acts of the General Assembly to the extent that the enactment of such local acts as otherwise permitted under this Constitution:

"(1) *Action affecting any elective county office, the salaries thereof, or the personnel thereof,* except governing authority."

Neither the counties of this state nor their officers can do any act, make any contract, nor incur any liability not authorized by some legislative act applicable thereto. *Bowers v. Hanks,* 152 Ga. 659 (1) (111 SE 38) (1921). *McCrory Co. v. Bd. of Comrs. of Fulton County,* 177 Ga. 242 (170 SE 18) (1933); *DeKalb County v. Atlanta Gas*

*Light Co.,* 228 Ga. 512 (2) (186 SE2d 732) (1972). If there is reasonable doubt of the existence of a particular power, the doubt is to be resolved in the negative. *Beazley v. DeKalb County,* 210 Ga. 41 (77 SE2d 740) (1953); *City of Doraville v. Southern R. Co.,* 227 Ga. 504 (1) (181 SE2d 346) (1971). Powers of county commissioners are strictly limited by law, and they can do nothing except under authority of law. *Warren v. Walton,* 231 Ga. 495 (202 SE2d 405) (1973).

No matter how desirable uniformity of work regulations of various employees, of various county offices in the seat of government may be, county commissioners as the governing authority of the fiscal affairs of Polk County do not have authority, express or implied, to establish work regulations for employees of another elected county officer.

In so holding we do not mean to imply that the employee of an elected county official does not have to give value received for a salary paid out of public funds. Indeed, if the elected official fails to perform his duty, including the duty delegated by him to his employees, he too may be subject to mandamus. More likely, he may not be re-elected by the voters. Such is our political process.

Mandamus will lie to compel payment of a salary of an official who has performed his duties and which salary has previously been approved for payment by the proper fiscal authority where the only reason for non-payment is the non-compliance with work regulations not authorized by law. *Culberson v. Watkins,* 156 Ga. 185 (1) (119 SE 319) (1923); *Howell v. Bankston,* 181 Ga. 59 (181 SE 761) (1935); *Murphey v. Brock,* 206 Ga. 9 (2, 6) (55 SE2d 564) (1949); *Adams v. Town of Weston,* 181 Ga. 503 (183 SE 69) (1935). The trial court erred in denying petitioners the relief sought.

2. The Tax Commissioner of Polk County was required by a special Act creating that office, Ga. L. 1964, p. 2266 et seq., to remit as follows, "Once each month the Tax Commissioner shall turn over to the fiscal authority of said county all funds collected by him with a detailed itemized statement showing the sources from which such funds were collected." Additionally, he is subject to the provisions of Code Ann. § 92-5002, "Reports by collectors,

On the 20th day of December in each year the several tax collectors shall furnish to the State Revenue Commissioner and to the Ordinary or other authority having charge of the county affairs, as the case may be, of their respective counties, a report showing the amount of state taxes and the amount of county taxes remaining unpaid on said tax digest, and shall every thirty days thereafter, until a final settlement is made with both the state and county, furnish to said officers a report showing the amount of state taxes collected and the amount of county taxes collected from December 20th to the date of rendering such report, and also the amount of interest collected from said delinquent or defaulting taxpayers."

We construe the above provisions of law together. Although it appears that the Tax Commissioner of Polk County is also subject to the further reporting requirements of Code Ann. § 92-4913, and Code Ann. § 92-4914, as amended, Ga. L. 1977, pp. 1162, 1163 (effective March 30, 1977) we cannot say that the order requiring him to turn over to the fiscal authority of the county all funds collected by him with a detailed, itemized statement showing the sources from which said funds were collected monthly, at not more than thirty day intervals is erroneous.

3. Code Ann. § 23-103 (Ga. L. 1976, p. 1522) provides: "The courthouse to remain open; normal working hours defined. It shall be the duty and responsibility of the governing authority of each county of this state to keep the county courthouse and the county offices maintained therein open for the transaction of the public's business during normal working hours. As used herein 'normal working hours' means a minimum of 40 working hours during each calendar week, except for those weeks during which public and legal holidays, which are recognized and designated as such by Georgia law or by the governing authority of the county are observed."

We conclude this to mean that it is not only the duty of the County Commissioners of Polk County to keep the courthouse building and county offices therein available, but it is also their duty to see that they are "open for the transaction of the public's business." The legislature has

delegated to the governing authority the right to determine, "normal working hours" with a minimum of 40 working hours during each week. The County Commissioners of Polk County having by resolution determined that normal working hours for each county office shall be from 9 a. m. to 5 p. m. for each work day, it was not error to require the tax commissioner to comply with that law and the reasonable regulations of the governing authority adopted thereunder, and to keep his office open accordingly.

*Judgment affirmed in part and reversed in part in Case No. 34251. Judgment reversed in Case No. 34252. All the Justices concur.*

ARGUED NOVEMBER 20, 1978 — DECIDED JANUARY 4, 1979.

*T. Peter O'Callaghan, Jr.,* for appellants.
*Wayne Gammon,* for appellee.