36631. DERISO et al. v. COOPER et al.

NICHOLS, Justice.

After grant of an application for interlocutory appeal, the Sumter County School Board appeals an order refusing to dismiss a complaint brought by school patrons who allege that their children are being denied "an adequate education" in the public schools of Sumter County. This court reverses.

1. This case does not involve a narrow, local controversy in reference to the construction or administration of the school law. Code Ann. § 32-910. *Otwell v. West,* 220 Ga. 95 (137 SE2d 291) (1964);

*Wright v. Monroe County Board of Education,* 148 Ga. App. 845 (253 SE2d 210) (1979). Neither does it present a narrow constitutional question such as whether the "adequate education" provision of the Georgia Constitution (1976 Const., Art. VIII, Sec. I, Par. I; Code Ann. § 2-4901) invalidates an interscholastic sports eligibility rule or precludes tuition charges for a summer school program. *Smith v. Crim,* 240 Ga. 390 (240 SE2d 884) (1977); *Crim v. McWhorter,* 242 Ga. 863 (252 SE2d 421) (1979). Rather, the complaint alleges that pupils attending the public schools of Sumter County are being denied "an adequate education" within the meaning of the constitution (Code Ann. § 2-4901) and laws (Code Ann. Ch. 32-6A) of Georgia, and that the school board members have grossly abused their discretion, and violated their oaths of office, by not providing certain curricular and extracurricular programs; by not adequately funding the programs being provided; by not building adequate physical facilities; and by not adopting certain recommendations or standards of the State Board of Education. Further, the school patrons allege that the school board members are failing to support the school system in various ways, such as by sending their own children to private schools and by not supporting a school building bond issue. Demand is made that the trial court issue orders, and retain jurisdiction to issue from time to time further orders, to provide the plaintiffs the educational programs mandated by the constitution and laws of Georgia, including, if necessary, an order appointing the State Superintendent of Schools or his designee to serve as a receiver to temporarily administer the public school system of Sumter County.

The parties concede that no square precedent exists in this State for judicial intervention of this scope and magnitude into the affairs of a public school system. The school board contends that a controversy of this depth and breadth is not justiciable because, under the Constitution of Georgia of 1976 (1976 Const., Art. VIII, Sec. V, Par. I; Code Ann. § 2-5302), the control and management of the county school system is confined to the county board of education. This court has said of that constitutional provision, "Here is complete constitutional vesting of authority to manage and control county schools in the county board of education." *Bedingfield v. Parkerson,* 212 Ga. 654, 656 (94 SE2d 714) (1956). However, more precisely, this court held in *Bedingfield* that "Any challenge of the acts of the county board relating to control and operation of schools must be weighed in the light of this sweeping power, which clearly manifests an intent to entrust the schools to the boards of education *rather than the courts.*" (Emphasis supplied.) 212 Ga. at 656. Resolution of the issues presented does not require this court to approach, much less to resolve, any question pertaining to allocation

of control of the county schools as between the county board of education and the General Assembly. The threshold point for judicial intervention into public school controversies is the first question presented.

Analysis of the proper role of the courts of Georgia in relation to the county board of education must begin with the precept that "The right to determine what is best for the school pupils . . . is vested in the Board of Education of . . . [Sumter] County." *Pass v. Pickens,* 204 Ga. 629, 633 (51 SE2d 405) (1949). In the absence of extraordinary circumstances, the exhaustion of the statutory remedy provided by Code Ann. § 32-910 for resolution of local controversies in reference to the construction or administration of the school laws is a prerequisite to relief in equity. *Boatright v. Brown,* 222 Ga. 497, 498 (2) (150 SE2d 680) (1966). If that statutory remedy has not been exhausted, relief in equity is not available "Unless the act of a board violates some law, or is such a gross abuse of discretion as amounts to a violation of law . . ." *Bedingfield v. Parkerson,* 212 Ga. 654, 656, supra; *Booth v. Ware County Board of Education,* 223 Ga. 211, 212 (2) (154 SE2d 234) (1967). An alternate route for access to the superior court is certiorari from the decision of the local board of education. *Morman v. Pritchard,* 108 Ga. App. 247 (132 SE2d 561) (1963). The remedy for failure of a local board of education to comply with "any provision of rules, regulations, policies, *standards* or requirements established by the State Board" is set forth in Code Ann. § 32-699a. (Emphasis supplied.)

Being cognizant of this state of the law, the school patrons allege in their complaint that the school board has violated the constitution and laws of Georgia and the lawful promulgations of the State Board of Education, has grossly abused its discretion, and that the board members have failed to abide their oaths. The particulars in which these violations are alleged to have occurred present issues as to which curricular and extracurricular programs shall and shall not be provided, the proper level of funding that shall be provided through local taxation and spending, the need or absence of need for additional school buildings and facilities, and various other matters relating to the manner in which educational services shall be provided and student progress shall be monitored. Also presented are generalized contentions that the school board members do not support the public schools of Sumter County as evidenced by their sending their own children to private schools and by their not supporting school bond issue referendums.

Although the school patrons deny emphatically that they are seeking a "take-over" of the school system, the relief they seek, including continuing supervision of the actions of the school board or

replacement of the school board by a receiver, quite obviously would mean that the Superior Court of Sumter County "would have to undertake to oversee and control the general course of official conduct" of the county board of education members. *Jackson v. Cochran,* 134 Ga. 396, 397 (67 SE 825) (1910). This court traditionally has been reluctant to embark upon courses of judicial action which would require continuing supervision of the official conduct of public officers. *Murphey v. Brock,* 206 Ga. 9 (2) (55 SE2d 564) (1949); *Atlanta Title &c. Co. v. Tidwell,* 173 Ga. 499 (2) (160 SE 620) (1931). This principle traditionally has been applied in mandamus cases but is appropriate for application in injunction cases where continuing court supervision of official conduct over an extended period of time is sought by way of mandatory injunction. The ancient distinction that mandamus should be used to compel conduct whereas injunction should be used to prevent conduct became blurred, if not obliterated, when our courts began issuing mandatory injunctions. Compare, *Faulkner v. Georgia Power Co.,* 241 Ga. 618 (247 SE2d 80) (1978), with *Atlanta Title &c. Co.,* supra, headnote 3. Accordingly, it is appropriate for *some* mandamus-related principles to be applied in mandatory injunction cases on a case by case basis. 241 Ga. at 621.

Furthermore, the school patrons have not advanced during their argument a judicially manageable standard for determining whether or not pupils are being provided "an adequate education." Courts are ill-equipped to make such fundamental, legislative and administrative policy decisions as how much local supplement to teachers' salaries should be paid in order to attract qualified teachers, how many levels of English or math should be taught, whether a system of pupil ability grouping shall or shall not be used, whether buildings shall be constructed and, if so, where, and the myriad other matters involved in the everyday administration of a public school system which the courts would face were they to embark upon the course of judicial activism desired by the school patrons. Resolutions of these discretionary policy determinations best can be made by other branches of government. The fact that the federal courts have decided issues pertaining to school finances, construction, curriculum and general school administration in an effort *to effect a remedy* in school desegregation cases must be put into proper perspective with the fact that they also have declined to enter the thicket of school funding. Contrast, Swann v. Charlotte-Mecklenburg Board of Education, 402 U. S. 1 (91 SC 1267, 28 LE2d 554) (1971), Evans v. Buchanan, 468 FSupp. 944 (D.C. Del. 1979), Morgan v. Kerrigan, 530 F2d 401 (1st Cir. 1976), and Morgan v. Kerrigan, 409 FSupp. 1141 (D. Mass. 1975), with San Antonio Independent School District v. Rodriguez, 411 U. S. 1 (93 SC 1278, 36 LE2d 16) (1973).

The thrust of the school patrons' complaint is that for unspecified reasons not presented to or discernible by this court the remedies for enforcement of the school laws provided by Code Ann. §§ 32-910 and 32-699a are inadequate; and that nothing less than continuing judicial supervision of the day-to-day activities of the local board of education, or replacement of the local board by a receiver, will suffice. The courts of Georgia should decline to accept such a claim seeking exercise of continuing jurisdiction. *Jackson v. Cochran,* supra.

2. The school patrons also bottom their claims upon 42 USCA § 1983. It now is clear, if it ever was unclear, that "§ 1983 does not provide any substantive rights at all"; rather, that it "only gives a remedy." Chapman v. Houston Welfare Rights Organization, 441 U. S. 600, 618 (99 SC 1905, 60 LE2d 508) (1979). "[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." 441 U. S. at 617.

Apparently, the most current view is that state courts *may* (assuming jurisdiction) entertain claims for a remedy under § 1983 but the question of whether they *must* entertain such claims has not been decided. Martinez v. State of California, —- U. S. —- (100 SC 553, 62 LE2d 481) (1980); Maine v. Thiboutot, —- U. S. —- (100 SC 2502, 65 LE2d 555) (1980). However, to the extent that the rights asserted in the present case are alleged to arise under state law, rather than under federal law, § 1983 provides no remedy. Maher v. Gagne, —- U. S. —- (100 SC —-, 65 LE2d 653) (1980); Herbert v. Louisiana, 272 U. S. 312, 316 (47 SC 103, 71 LE 270) (1926). Furthermore, in similar circumstances this court previously has held that state remedies for asserting rights may not be circumvented simply by invoking § 1983. *Backus v. Chilivis,* 236 Ga. 500, 503 (224 SE2d 370) (1976). In the present case, the mere mention of § 1983 provides no sound basis for circumventing Code Ann. §§ 32-910 and 32-699a.

Insofar as the school patrons allege continuing racial discrimination, they should be relegated to pending federal court litigation. United States v. State of Georgia, Civil Action No. 12972, United States District Court for the Northern District of Georgia. The Fifth Circuit has held that it is inappropriate, because of the potential for conflicting orders, for two federal district courts to entertain simultaneously two cases contending that vestiges of the dual school system have not been eliminated. Reeves v. Hancock County Board of Education, 430 F2d 1334 (5th Cir. 1970). It is no less inappropriate for two such claims to be entertained simultaneously by state and federal trial courts.

3. The trial court should have dismissed the complaint.

*Judgment reversed. Bowles, Marshall and Clarke, JJ., and*

*Judge Robert E. L. Culpepper, Jr., concur. Jordan, P. J., and Hill, J., concur in the judgment only. Undercofler, C. J., disqualified.*

ARGUED SEPTEMBER 8, 1980 — DECIDED
OCTOBER 8, 1980.

*Jones, Cork, Miller & Benton, W. Warren Plowden, Frank L. Butler, III, Crisp, Oxford & Gatewood, Henry L. Crisp,* for appellants.

*E. Freeman Leverett,* amicus curiae.

*L. Lyn O'Berry, Lois Goodman, Jonathan A. Zimring, John L. Cromartie, Jr., Rachael Henderson,* for appellees.