## 38189. GEORGIA HIGH SCHOOL ASSOCIATION v. WADDELL et al.

PER CURIAM.

On October 23, 1981, a football game was played between R. L. Osborne and Lithia Springs High Schools, members of region 5 AAAA established by the Georgia High School Association. The winner of this game would be in the play-offs, beginning with Campbell High School.

The score was 7 to 6 in favor of Osborne. With 7 minutes, 1 second, remaining in the game, Osborne had the ball on its 47 yard line, 4th down and 21 yards to go for a first down. Osborne punted but "roughing the kicker" was called on Lithia Springs. The referee officiating the game with the approval and sanction of the Georgia High School Association assessed the 15 yard penalty, placed the ball on the Lithia Springs 38 yard line, and declared it was 4th down and 6 yards to go.

The rules of the National Federation of State High School Associations provide that the penalty for roughing the kicker shall be 15 yards *and* 1st down. There is a dispute as to whether the Osborne coaches properly protested to the referee, before the ball was put in play, the error in the referee's failing to declare a 1st down.

From Lithia Springs' 38, Osborne punted again. Lithia Springs received the punt and drove down the field to score a field goal. Now 2 points behind, Osborne passed. Lithia Springs intercepted and scored again. The final score was Lithia Springs over Osborne, 16 to 7.

On October 26, Osborne filed a written protest with the Executive Secretary of the Georgia High School Association who is charged with making initial decisions of protests. The Executive Secretary conducted an investigation and denied the protest on November 5 on the ground that, notwithstanding the admitted error, no official protest was made to the referee by the Osborne coaches immediately following the play in question.

On appeal by Osborne to the Hardship Committee of GHSA, that committee approved the Executive Secretary's decision on November 8. On appeal, the state Executive Committee of GHSA approved the Hardship Committee's decision on November 11, 1981.

On November 12, suit was filed in the Superior Court of Cobb County by parents of Osborne players against the GHSA. Hearing was held on November 13. The court found that it had jurisdiction, found that the referee erred in failing to declare an automatic first down, and found that a protest was lodged with the proper officials of

GHSA. The court found that the plaintiffs have a property right in the game of football being played according to the rules and that the referee denied plaintiffs and their sons this property right and equal protection of the laws by failing to correctly apply the rules.

The court then entered its order on November 13 cancelling the play-off game between Lithia Springs and Campbell High School scheduled for 8 p.m. that evening and ordered "... that Lithia Springs High School and R. L. Osborne High School meet on the football field on November 14, 1981 at an agreed upon time between the parties and resume play at the Lithia Springs thirty eight yard line with the ball being in the possession of R. L. Osborne High School and it be first down and ten yards to go for a first down and that the clock be set at seven minutes one second to play and that the quarter be designated as the fourth quarter."

Asserting that the trial court's order was erroneous under *Smith v. Crim,* 240 Ga. 390 (240 SE2d 884) (1977), and would disrupt the play-off games not only between Lithia Springs and Campbell but succeeding play-offs, the GHSA filed a motion for supersedeas in this court on November 13, 1981, and the court entered its order suspending the trial court's order, pending further order of this court.

In *Smith v. Crim,* supra, we held that a high school football player has no right to participate in interscholastic sports and has no protectable property interest which would give rise to a due process claim. Pretermitting the question of "state action" which is the threshold of the 14th Amendment, we held that Smith was not denied equal protection by the rule of GHSA there involved. Similarly we find no denial of equal protection by the referee's error here. Were our decision to be otherwise, every error in the trial courts would constitute a denial of equal protection. We now go further and hold that courts of equity in this state are without authority to review decisions of football referees because those decisions do not present judicial controversies. The stay granted by this court on November 13, 1981, is hereby reaffirmed.

*All the Justices concur.*

DECIDED NOVEMBER 24, 1981.

*Alan W. Connell,* for appellant.
*Kenneth L. Chalker,* for appellees.