## 38467. NEWBERRY v. BALKCOM et al.

PER CURIAM.

The probate judge and county commissioners of Jones County are at issue with each other over whether one of the two clerks of the probate court shall receive paid sick leave for seven weeks instead of only for two weeks. The superior court denied mandamus absolute, leaving standing the decision of the commissioners limiting her paid sick leave to only two weeks.

The transcript indicates that the county has no official sick leave policy for all of its employees. The sick leave of the probate court clerk was limited to two weeks by the chairman of the board of commissioners (either with or without official vote of the remaining commissioners) because he thought the clerk was not working. The clerk testified that she did some work during the seven-week period she was away from the office recovering from knee surgery and undergoing therapy necessitated by an injury that was not job-related. Had the two county officials communicated with each other regarding whether or not the clerk actually was performing duties during the seven-week period, this case doubtless would not be before us.

A local act of the General Assembly provides that each clerk of the probate court of Jones County "shall be compensated in an amount to be fixed by the judge of the probate court with the approval of the board of commissioners of Jones County, but such compensation shall not be less than $400.00 per month for each clerk so employed." Ga. L. 1980, pp. 3628, 3629. The same act also provides that "It shall be within the sole power and authority of the judge of the probate court, during his term of office, to designate and name the persons who shall be employed as clerks, *to prescribe the duties and assignments of such clerks,* and to remove and replace such clerks at will and within his sole discretion." (Emphasis added.) Id., at p. 3629.

Because of the breakdown in communication between the probate judge and the chairman of the board of commissioners, the commissioners believed that the clerk was doing no work during the entire seven-week period, whereas the uncontradicted testimony of the clerk was that she did some work. The local law requires the probate judge to consult with the commissioners regarding the amount of any salary for his clerk in excess of the statutory $400 minimum but does not require the probate judge to consult with the commissioners regarding the duties and assignments of the clerk. Whether the duties performed by the clerk during the seven-week sick leave were sufficient for her retention was a matter vested by the General Assembly within the sole discretion of the probate judge. Ga.

L. 1980, pp. 3628, 3629. Accordingly, the trial court erred by not issuing mandamus absolute requiring the payment by the commissioners of the $634.62 salary in dispute. *Mobley v. Polk County,* 242 Ga. 798, 800 (1) (251 SE2d 538) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 29, 1982.

*Charles D. Newberry,* for appellant.
*Frank H. Childs, Jr.,* for appellees.