39277. McCRAY et al. v. COBB COUNTY et al.

CLARKE, Justice.

This is a declaratory judgment action brought by four justices of the peace of Cobb County challenging the Courts of Limited Jurisdiction Compensation Act of 1982 (hereinafter the Act), OCGA § 15-22-1 et seq. (Code Ann. § 24-301c et seq.), Ga. L. 1982, p. 1737, and seeking to enjoin its implementation in Cobb County. Effective June 30, 1983, this Act is repealed in its entirety by Ga. L. 1983, pp. 884, 928, which provides for compensation and implements other changes required by Article VI of the Constitution of the State of Georgia to become effective July 1, 1983. The trial court made an initial ruling holding the Act constitutional, and certified the order for immediate review. This court granted the application for review filed by the appellants and we now affirm.

The Act is applicable to all courts of the state in which the judges were compensated by fees collected for the performance of official duties. Ga. L. 1982, p. 1737, Sec. 3. It removes these judges from the fee system and places them on a salary for compensation. The specific amount of compensation is not set by the Act but the Act does set forth two alternate plans between which the governing authority of a county may choose as its method of compensation. Ga. L. 1982, p. 1737, at p. 1740.

The Act also requires that justices of the peace be designated as full-time (40 hours per week) or part-time (20 hours per week) and gives the judges of the superior court the final authority to determine which designation shall apply to each justice of the peace based upon the circumstances and needs of a particular county. Ga. L. 1982, p. 1737, Sec. 7. The Act further requires that the justices of the peace develop a schedule and requires that under this schedule someone must be available on a 24-hour basis for warrant coverage. If the justices of the peace fail to adopt such a schedule the judges of the superior court are authorized to establish the schedule to be followed.

The JP's contend the Act is unconstitutional in that it is an unlawful delegation of legislative authority to the executive branch, impermissibly interferes with the office of justice of the peace, infringes upon their right to assemble and deprives them of their presumption of innocence.

1. The JP's contend that it is unconstitutional for the legislature to delegate the setting of their salaries to the county governing authority without specific guidelines. The JP's concede that the legislature can set the amount of compensation and that the method of compensation may be changed during the term of office. It is contended that the legislature has not set compensation in the Act but has unlawfully delegated this duty to a lesser body, in giving this power to the governing authority.

Appellants rely principally on the case of *Moseley v. Garrett,* 182 Ga. 810 (187 SE 20) (1936), which held unconstitutional an act of the legislature which conferred upon the grand jury and ordinary of the county the authority to set the salary of the solicitor-general for that circuit. The constitution in effect at the time provided that the legislature would "prescribe" the salary for solicitors-general. The court held that the authority could not be delegated because of a specific constitutional limitation on who sets the salary of that officer. The appellants cannot show any such constitutional restraint in this case. "The *Moseley* case is not authority for the proposition that the legislature may not empower another governmental unit to fix the compensation of certain officers where the constitution does

not expressly declare that the General Assembly itself shall fix their salaries." *Truesdel v. Freeney,* 186 Ga. 288, 290 (197 SE 783) (1938). *Truesdel* held constitutional an act delegating to the commissioners of Bibb County the authority to set the salary of the clerk of the municipal court of Macon.

*Feagin v. Freeney,* 192 Ga. 868 (17 SE2d 61) (1941), involved a challenge to an act delegating the authority to fix the salary of the judge of the municipal court of Macon to the commissioners of Bibb County. It was contended that the setting of the salary for a judicial office created by the legislature was a legislative function which could not be delegated without violating Art. III, Sec. I, Par. I (vesting the legislative power of the state in the General Assembly) and that conferring the power to set compensation of a judicial officer upon the commissioners of a county violates the doctrine of separation of powers. These and other constitutional challenges were rejected by this court. As in the present case, there was no constitutional provision that the legislature itself must fix the salary for the judicial office in question. "There are many powers which ordinarily would be classed as legislative functions which may nevertheless be delegated." *Feagin v. Freeney,* supra at 871.

The Act does not confer authority upon the county governments to regulate the power of the judicial branch. The purpose of the Act is to set forth flexible guidelines for establishing salaried compensation for judicial officers who formerly had no guarantee of any compensation whatsoever. Under the method of payment chosen by Cobb County in this case, the Act provides for a "reasonable salary" to be set by the governing authority. Whether the salary that has been set is reasonable is not at issue in this appeal. We are, therefore, not faced with the issue of whether by setting compensation or expenses at a low level the courts of limited jurisdiction in Cobb County have been denied the ability to function properly.

We hold that the delegation of the setting of compensation is constitutional where the constitution is silent as to how compensation is set. Once one of the alternative methods of compensation is adopted by a county, the supervising and regulating of the plan is left to the judicial branch in the superior courts. By recognizing the right of the superior courts to oversee the inferior courts in their jurisdictions the Act does not place judicial power in a local governing authority nor does it give unguided discretion to such authorities in setting compensation.

2. Appellants contend that the Act unconstitutionally modifies the office of justice of the peace and interferes with the duties and obligations of the office. In connection with this argument, although related to those raised in the first division, the appellants specifically

complain of the requirement that judges of courts of limited jurisdiction be designated full-time or part-time for pay purposes and the requirement that one judge be available on a 24-hour basis for warrant coverage. The Act defines a "full-time judge" as one who works at his official duties at least 40 hours per week. A "part-time judge" is any judge not a full-time judge, and it is required that a part-time judge spend a minimum of 20 hours per week on official duties to be compensated under the Act. Under Section 7 of the Act each judge shall inform the chief judge of the superior court whether a designation of full or part-time status is desired. The judges of the superior courts then review these requests and make a determination of who shall be full or part-time judges of courts of limited jurisdiction in the counties within their circuit. Section 9 requires the judges of courts of limited jurisdiction to develop a written schedule and to ensure that one judge is always available for issuing warrants. The superior court judges must establish a schedule in the event the judges of courts of limited jurisdiction do not.

The appellants argue that these provisions give the county the power to regulate an officer who is not a county employee which exceeds the authority given to counties under home rule provisions of the 1976 Constitution in Art. IX, Sec. II, Par. I (Code Ann. § 2-5901). In support of this argument, they rely on *Mobley v. Polk County,* 242 Ga. 798 (251 SE2d 538) (1979). In *Mobley,* we held invalid certain work regulations which the county had imposed upon employees of the tax commissioner of the county. This holding was based upon the principle that a county governing authority only has the powers given to it by the legislature and there was no legislative act authorizing Polk County to set work regulations for the employee at issue. Under the Compensation Act the legislature has not given the county governing authority the power to set its own regulations but by general law has provided categories for purposes of determining compensation.

The Act simply requires that judges of courts of limited jurisdiction must devote minimum time to official duties to be entitled to be paid for those duties. We also held in *Mobley* that the legislature not only could set requirements for working hours but could delegate to the county the authority to determine reasonable hours for public offices to be open for the transaction of the public's business.

Furthermore, the Act recognizes the inherent authority of the superior courts to supervise the inferior courts in their respective jurisdictions. "Although a legislative act may not conflict with or limit an inherent power, it may assist in its exercise." *Grimsley v. Twiggs County,* 249 Ga. 632, 634 (292 SE2d 675) (1982). The Act does

not therefore usurp any of the rights and duties of the judicial branch.

3. Although not raised below we will deal briefly with two other constitutional questions raised in the appellant's brief because they have also been raised in other cases challenging the Compensation Act. It is contended that the requirement that one judge be available on a 24-hour basis to issue warrants infringes on the right to assemble as guaranteed in the state and federal constitutions. They argue that this requirement would in effect prohibit the judges from all holding a meeting together. The Act only requires "availability" to issue warrants; we find no infringement on the right to assemble. We also reject appellant's argument that Section 8 (c) of the Act violates the concept of presumption of innocence by declaring it shall be a misdemeanor for judges to fail to file specified reports.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MAY 12, 1983.

*Roy David Petersen, Melvin S. Nash,* for appellants.

*Irma B. Glover, Michael J. Bowers, Attorney General, Kathryn Allen, Assistant Attorney General,* for appellees.

*Gary J. Leshaw, Gloria A. Einstein, Robert B. Remar, David A. Webster, John Riemer, William J. Cobb,* amici curiae.

