39328. GWINNETT COUNTY ASSOCIATION OF JUSTICES OF THE PEACE v. GWINNETT COUNTY BOARD OF COMMISSIONERS et al.

CLARKE, Justice.

This case challenges the constitutionality of Ga. Laws 1982, p. 1737, known as the Courts of Limited Jurisdiction Compensation Act of 1982. Effective June 30, 1983, this Act is repealed in its entirety by Ga. L. 1983,. pp. 884, 928, which provides for compensation and implements other changes required by Article VI of the Constitution of the State of Georgia to become effective July 1, 1983. The appellant brought an action for mandamus, declaratory judgment and injunction. This is an interlocutory appeal from the trial court's initial ruling that the Act is constitutional.

The issues raised in the enumeration of errors have been decided adversely to the appellant association in *McCray v. Cobb County,* 251

Ga. 24 (302 SE2d 563) (1983), except for the allegation that a portion of the Act is void for vagueness. The part of the Act challenged on this ground is Section 9 (a) which requires the schedule of judges be drawn so that one judge be "available" at all times to issue warrants. It is contended that the word "available" is too indefinite. Various open questions are posed by the brief including whether a judge is "available" if he is eating, sleeping, attending to other duties, etc. While many of these and other circumstances raised by appellant's brief could be discussed, they have no bearing on the plain meaning of the statute which must be looked to in determining if the language is too vague. The appellant points out by brief that the members of the association in Gwinnett are always available in that law enforcement officers and the public are aware of the telephone numbers of the judges and simply call until they reach one who is available to perform the needed service. The only impact of the Act is that these same judges must agree on a schedule and designate who will be available for such services on a particular day or for some other time increment which is agreed upon. The fact that courts in separate counties may adopt different types of schedules to meet this requirement does not render the Act vague; the General Assembly has given the law sufficient flexibility to allow jurisdictions with differing needs to adopt a plan suited to their respective circumstances.

Although not raised by enumeration of error, the trial court rejected appellant's argument below that the Act creates an impairment of contracts. We agree that the Act on its face is constitutional in this regard. In the mandamus petition it is alleged that Gwinnett County has set aside inadequate amounts for compensation and the meeting of expenses necessary for the court to function. No evidentiary hearing has yet been held on these issues and the question is not before this court on this interlocutory review. We point out, however, that Section 5 (a) of the Act requires a reasonable salary and 5 (d) requires the county to budget expenses for personnel, supplies and other reasonable expenses necessary for the operation of the court. By writ of mandamus the superior court has the authority to require county officials to make such payments as are necessary in the judgment of the superior court to enable the inferior courts within its jurisdiction to function. See *Grimsley v. Twiggs County,* 249 Ga. 632 (292 SE2d 675) (1982).

The judgment of the trial court holding the Compensation Act constitutional as enacted is affirmed. Other issues relating to reasonableness of salaries, expenses, etc., that is, the actual application in various circuits must be litigated on a case-by-case basis after evidence is presented.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MAY 12, 1983.

*Robert C. Sacks,* for appellant.
*James A. Henderson,* for appellees.
*Gary J. Leshaw, Gloria A. Einstein, Robert B. Remar, David A. Webster, John Riemer, William J. Cobb,* amici curiae.