## S99A0654. PARENTS AGAINST REALIGNMENT v. GEORGIA HIGH SCHOOL ASSOCIATION et al.
### (516 SE2d 528)

CARLEY, Justice.

The Georgia High School Association (GHSA) is an unincorporated association which was voluntarily formed by junior and senior high schools to administer their interscholastic competitive events and to standardize rules of eligibility and play. GHSA recently reassigned three high schools in Fulton County to another region for purposes of interscholastic athletic competition. The principals of the high schools appealed the realignments to the GHSA reclassification committee and then to the GHSA executive committee, but GHSA refused to rescind the reclassifications. Thereafter, parents of students in the three high schools formed Parents Against Realignment (PAR), which brought suit against GHSA, the State Department of Education, the State Board of Education, Board Chairman Johnny Isakson, and School Superintendent Linda Schrenko. PAR alleged that the realignment violated certain constitutional and statutory provisions, and sought an injunction against the realignment and a declaration that GHSA's action is void. The trial court permitted Fulton County School District to intervene, denied interlocutory relief, and subsequently dismissed the case.

PAR contends that the trial court erroneously determined that the case does not present a justiciable controversy. Courts are illequipped to make fundamental, legislative, and administrative policy decisions which are involved in the everyday administration of a public school system. *Deriso v. Cooper*, 246 Ga. 540, 543 (1) (272 SE2d 274) (1980). Resolution of "discretionary policy determinations best can be made by other branches of government." *Deriso v. Cooper*, supra at 543 (1). The Georgia Constitution of 1983, Art. VIII, Sec. V, Par. II " 'clearly manifests an intent to entrust the schools to the boards of education *rather than the courts.*' " (Emphasis supplied.) *Powell v. Studstill*, 264 Ga. 109, 111 (2) (441 SE2d 52) (1994). Judicial restraint regarding school administration is born "of the necessity for shielding the courts from an incalculable new potential for lawsuits. . . ." *Woodruff v. Ga. State Univ.*, 251 Ga. 232, 234 (304 SE2d 697) (1983). "Absent plain necessity impelled by a deprivation of major proportion, the hand of the judicial branch . . . must be withheld." *Woodruff v. Ga. State Univ.*, supra at 234. In this case, there was no deprivation of any constitutional and statutory rights, as "interscholastic sports are extracurricular and not essential to the prescribed curriculum. . . ." *Smith v. Crim*, 240 Ga. 390, 391 (1) (240 SE2d 884) (1977). Indeed, we have "held that a high school football player has no right to participate in interscholastic sports. . . ." *Georgia High School Assn. v. Waddell*, 248 Ga. 542, 543 (285 SE2d 7)

(1981) (holding "that courts of equity in this state are without authority to review decisions of football referees because those decisions do not present judicial controversies."). If there is no right to compete in interscholastic sports, there is no right to compete in those events in a particular region. The trial court correctly withheld the hand of the judiciary in this non-justiciable controversy.

*Judgment affirmed. All the Justices concur. Hines, J., not participating.*

DECIDED MAY 17, 1999.

*McKee & Barge, Patrick W. McKee,* for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Kathryn L. Allen, Senior Assistant Attorney General, Alan W. Connell, Sutherland, Asbill & Brennan, Judith A. O'Brien,* for appellees.