A06A1165. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. HOUSTON.
(638 SE2d 750)

MILLER, Judge.

The Board of Regents of the University System of Georgia (the "Board of Regents") appeals an order issued by the Superior Court of Fulton County reinstating Reuben Houston as a student at the Georgia Institute of Technology ("Georgia Tech") with all rights and privileges, including status as a member of the varsity football team. The Board of Regents contends that the trial court erred by asserting its jurisdiction because Houston's suspension did not present a justiciable controversy and because Houston failed to exhaust his administrative remedies prior to filing suit. Finding no justiciable controversy, we agree and reverse.[1]

---

[4] Id.

[5] See *Joyner v. State*, 278 Ga. App. 60, 62-63 (3) (628 SE2d 186) (2006); *Dunson v. State*, 275 Ga. App. 515, 517 (2) (621 SE2d 525) (2005).

[1] Houston's motion to dismiss this appeal based on his graduation from Georgia Tech and the expiration of his eligibility to play football during the pendency of the appeal, is denied in that the claim at issue is excluded from the doctrine of mootness. See *Collins v. Lombard Corp.*,

"It is clearly settled in Georgia that the exercise of discretion by the lower court in granting and continuing . . . injunctions will not be interfered with in the absence of manifest abuse. [OCGA § 9-5-8]. *Lawrence v. Harding*, 225 Ga. 148, 150 (166 SE2d 336) (1969)." (Punctuation omitted.) *Slautterback v. Intech Mgmt. Svcs.*, 247 Ga. 762, 766 (279 SE2d 701) (1981).

So viewed, the record shows that Houston was enrolled as a full-time student in good standing at Georgia Tech until June 22, 2005. After learning that Houston had been arrested and charged with the federal crime of conspiracy to distribute marijuana, school administrators imposed an interim disciplinary suspension against him upon the ground of campus safety. On August 24, 2005, Georgia Tech lifted the interim suspension and allowed Houston to attend classes for the 2005 fall semester (less participation in extra-curricular activities), pending a hearing.

Houston received a hearing on August 30, 2005, before Georgia Tech's Undergraduate Judiciary Cabinet ("UJC"). There he was given an opportunity to present his case, and during the hearing, he admitted making a telephone call in an attempt to arrange a marijuana sale between two acquaintances. The UJC voted to suspend Houston based on his decision "to intentionally aid in the potential trafficking of drugs." Upon Houston's appeal to Georgia Tech's Student Grievance and Appeals Committee ("SGAC"), the SGAC affirmed his suspension. William D. Schafer, Georgia Tech's Vice President for Student Affairs, concurred in the SGAC decision and suspended Houston through the end of the 2006 spring semester.

Houston then filed the instant action, seeking a temporary restraining order requiring his reinstatement as a student with all rights and privileges. The trial court's order requiring Georgia Tech to readmit Houston and allow him to participate in extracurricular activities was entered on November 15, 2005. Following the Board of Regents' appeal, Houston filed a motion to dismiss the appeal in light of his graduation from Georgia Tech and the expiration of his eligibility to play football.

1. The Board of Regents contends that the trial court's order requiring Houston's reinstatement as a student and as a member of the varsity football team was in error for lack of a justiciable controversy. We agree.

---

270 Ga. 120, 121-122 (1) (508 SE2d 653) (1998) ("[T]he term 'moot' must be narrowly construed to exclude from mootness those matters in which there is intrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers.") (citation and punctuation omitted).

It is well settled that disputes concerning academic decisions made by public institutions of learning present no justiciable controversy. Citing *Woodruff v. Ga. State Univ.*, 251 Ga. 232, 234 (304 SE2d 697) (1983), this Court held that such judicial restraint

> stems from confidence that school authorities are able to discharge their academic duties in fairness and with competence. It is born alike of the necessity for shielding the courts from an incalculable new potential for lawsuits, testing every Latin grade and every selection for the Safety Patrol. It protects every teacher from the cost and agony of litigation initiated by pupils and their parents who would rely upon the legal process rather than the learning process. It protects every school system — all of them laboring under pressures of financing, personnel problems and student discipline, academic performance, taxpayer revolt and patron unrest, and a rising tide of recalls — from an added and unbearable burden of continuous legal turmoil. . . . *Absent plain necessity impelled by a deprivation of major proportion, the hand of the judicial branch alike must be withheld.* See *McDaniel v. Thomas*, 248 Ga. 632 (285 SE2d 156) (1981); *Ga. High School Assn. v. Waddell*, 248 Ga. 542 (285 SE2d 7) (1981); *Deriso v. Cooper*, 246 Ga. 540 (272 SE2d 274) (1980).

(Emphasis supplied.) *Blaine v. Savannah Country Day School*, 228 Ga. App. 224, 224-225 (491 SE2d 446) (1997). Moreover, "[r]esolution of discretionary policy determinations best can be made by other branches of government. The Georgia Constitution of 1983, Art. VIII, Sec. V, Par. II clearly manifests an intent to entrust the schools to [supervising authorities] rather than the courts." (Citations and punctuation omitted.) *Parents Against Realignment v. Ga. High School Assn.*, 271 Ga. 114 (516 SE2d 528) (1999).

Since the trial court's hearing on its order entering a final injunction was not transcribed, we must presume that the evidence supported the trial court's findings. *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005). Consequently, we presume that Houston's suspension was more severe than its action against another student accused of a felony. Disparate treatment under the law, however, is properly a civil rights action for denial of equal protection (see *Ga. Bureau of Investigation v. Heard*, 166 Ga. App. 895 (305 SE2d 670) (1983)), a claim not raised below. Rather, the trial court was required to defer to Georgia Tech's administrative decision, unless a deprivation of major proportion was at issue. *Woodruff*, supra, 251 Ga. at 234; *Blaine*, supra, 228 Ga. App. at 225.

In such regard, there was no evidence that Houston's suspension prejudiced any substantial right which would authorize the reversal or modification of the suspension. See OCGA § 50-13-19 (h) (1)-(6) (grounds authorizing a court to reverse or modify an administrative decision). Houston admits that his suspension arose from the telephone call he made to facilitate a drug sale. This forecloses a characterization of his suspension as clearly erroneous or arbitrary and capricious for lack of supporting evidence. OCGA § 50-13-19 (h) (5), (6). Houston suffered no deprivation of constitutional or statutory rights. Id. at (h) (1); see *Blaine*, supra, 228 Ga. App. at 225 (high school senior permanently expelled for cheating); see also *Parents Against Realignment*, supra, 271 Ga. at 114 (" 'interscholastic sports are extracurricular and not essential to the . . . curriculum . . .' ") (citation omitted). There is no right to participate in extracurricular sports, including football. *Waddell*, supra, 248 Ga. at 543. Nothing of record otherwise shows prejudice to Houston's substantial rights arising out of the suspension. See OCGA § 50-13-19 (h) (2)-(4).

In light of the foregoing, the suspension at issue, which was tailored to permit Houston's eventual re-enrollment to complete his degree requirements and did not render him ineligible for his scholarship, cannot be deemed a "deprivation of major proportion" warranting judicial intervention. Accordingly, the trial court's exercise of jurisdiction to the contrary was error. *Slautterback*, supra, 247 Ga. at 766.

2. In light of our disposition of Division 1, we need not consider the Board of Regents' remaining claim of error regarding Houston's alleged failure to exhaust his administrative remedies.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 3, 2006 —
RECONSIDERATION DENIED NOVEMBER 16, 2006.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General*, for appellant.

*Garland, Samuel & Loeb, Manubir S. Arora, Alan C. Manheim, Martin G. Hilliard*, for appellee.